FILED

NOT FOR PUBLICATION

APR 18 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCEEN HILL, an individual, | No. 12-56115 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-06327-ODW-JC |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted April 9, 2014
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

Franceen Hill sued the United States for negligence under the Federal Tort

Claims Act after her car was hit by a bus driven by a United States Department of

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Homeland Security, Immigration and Customs Enforcement employee.[1] The

district court granted all four of the motions in limine brought by the government

to exclude Hill's lay witnesses, trial exhibits, damages calculations, and expert

witnesses for failure to comply with the disclosure requirements of Federal Rule of

Civil Procedure 26(a). The case proceeded to trial. At the conclusion of Hill's

case, the district court granted the government's motion for judgment on partial

findings under Federal Rule of Civil Procedure 52(c). Hill appeals, arguing that

the district court abused its discretion by granting the government's motions in

limine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. We review

the district court's imposition of discovery sanctions for abuse of discretion. *R&R*

*Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1245 (9th Cir. 2012).

**1.**    Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to

disclose: "the name and, if known, the address and telephone number of each

individual likely to have discoverable information . . . that the disclosing party may

use to support its claims or defenses." Hill failed to make the required disclosures

under Rule 26(a)(1)(A)(i) by the court's May 25, 2011 deadline.

---

[1]    Because the parties are familiar with the facts of the case, we will not recount them here.

2

Hill's late disclosure of approximately 35 witnesses in her response to written discovery requests did not cure this non-compliance. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993). Her failure to make timely disclosures was not harmless; if nothing else, it deprived the government of the opportunity to serve additional discovery requests to determine which of the 35 witnesses had useful information, and to depose those witnesses. The court's order did not prevent Hill from presenting a claim. She was permitted to testify at trial regarding damages, which was the testimony she claimed her lay witnesses would provide. *See R&R Sails*, 673 F.3d at 1247. The district court did not abuse its discretion by excluding Hill's six lay witnesses under Rule 37(c)(1).

2.      Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires a party to disclose: "a copy—or a description by category and location—of all documents . . . that the disclosing party . . . may use to support its claims or defenses." Hill did not provide any copies of documents or descriptions of documents by the May 25, 2011 deadline.

Hill argues that her failure to comply with Rule 26(a)(1)(A)(ii) was harmless because the government subpoenaed her medical records, its experts reviewed the records, and its experts were fully prepared to discuss the records when they were deposed. To the extent her proposed trial exhibits included the same medical

3

records the government subpoenaed and relied on to prepare its own witnesses, Hill's non-compliance was likely harmless and the district court's order may have been over-broad. But any error by the district court in granting this motion in limine was harmless because Hill was not able to prove her injuries were caused by the subject accident. It is more probable than not that the district court would have entered judgment against Hill even if some of her medical record exhibits had been admitted. *See Obrey v. Johnson*, 400 F.3d 691, 701 (9th Cir. 2005). Further, the order granting this motion in limine did not prevent Hill from presenting a claim. She was allowed to testify regarding her injuries and damages at trial. *See R&R Sails*, 673 F.3d at 1247.

3.      Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a party to disclose a computation of each category of damages, but Hill did not provide a computation of damages before the May 25, 2011 deadline. Because she asked for different categories of damages at different times, it was unclear exactly what damages Hill was seeking. Neither the exhibit Hill attached to her complaint, the spreadsheet included in the box of documents she delivered in response to the government's written discovery requests, nor the "Final Damage Calculation" she served just before trial were sufficient to satisfy Rule 26. None of these documents

4

included "a copy or a description of the documents on which [Hill] based [her] damages." *R&R Sails*, 673 F.3d at 1246; *see also* Fed. R. Civ. P. 26(a)(1)(A)(iii).

Hill's failure to timely comply with Rule 26(a)(1)(A)(iii) was not harmless because it was unclear which damages she attributed to the accident given the extensive injuries described in her written interrogatory responses, and her significant preexisting health history. The order granting this motion in limine did not prevent Hill from presenting a claim. She was permitted to testify about her damages at trial. *See R&R Sails*, 673 F.3d at 1247. The district court did not abuse its discretion by excluding Hill's computation of damages under Rule 37(c)(1).

4. Rule 26(a)(2) requires that parties to litigation disclose the identity of any expert witnesses. A party offering a retained expert witness must provide an expert report, Fed. R. Civ. P. 26(a)(2)(B), or if the witness is not a retained expert, the party offering the testimony must disclose the subject matter of the testimony and a summary of the facts and opinions of the testimony, Fed. R. Civ. P. 26(a)(2)(C).

Hill failed to make any expert disclosures pursuant to Rule 26(a)(2) before the court-ordered deadline. The list of doctors and medical facilities included in Exhibit 2 attached to Hill's complaint did not comply with the expert report requirements of Rule 26(a)(2)(B) or the requirements of Rule 26(a)(2)(C). Hill's

5

failure to timely comply with the disclosure requirements of Rule 26(a)(2) prevented the government from deposing her experts, and the delay cannot be described as harmless. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005). It was not a foregone conclusion that Hill would be unable to prove her case without expert testimony when the court ruled on these motions in limine, and the court's orders granting the motions did not dispose of Hill's case. *See R&R Sails*, 673 F.3d at 1247. The court did not abuse its discretion by excluding Hill's experts. *See Wong*, 410 F.3d at 1062.

**5.** Some of the physician witnesses Hill proposed were actually her treating physicians, not retained experts. The district court's order excluding their testimony as fact witnesses may have been over-broad because Hill listed six doctors in Exhibit 2, which was attached to her complaint.

Given the district court's unchallenged finding that Hill had extensive preexisting medical conditions, and its unchallenged finding that Hill lacked credibility, Hill's accident reconstructionist, biomechanical engineer, and expert medical opinion testimony were critical to proving causation. But the district court's arguably over-broad order granting the motion in limine excluding experts did not implicate the retained experts who might have established causation. All such experts were properly excluded. It is more probable than not that the district

6

court would have reached the same verdict even if Hill's treating physicians had been permitted to testify. *See Obrey*, 400 F.3d at 701.

**AFFIRMED.**