**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLOBEFILL INCORPORATED, a Canadian corporation,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>ELEMENTS SPIRITS, INC., a California corporation and KIM BRANDI, an individual,<br><br>        Defendants - Appellees. | No. 14-55456<br><br>D.C. No. 2:10-cv-02034-CBM-PLA<br><br><br>MEMORANDUM[*] |
| GLOBEFILL INCORPORATED, a Canadian corporation,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>ELEMENTS SPIRITS, INC., a California corporation,<br><br>        Defendant - Appellant,<br><br>  And | No. 14-55577<br><br>D.C. No. 2:10-cv-02034-CBM-PLA |

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

KIM BRANDI, an individual,

Defendant.

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Argued and Submitted February 1, 2016
Pasadena, California

Before: PREGERSON, WARDLAW, and HURWITZ, Circuit Judges.

Globefill Inc. appeals the district court's denial of its motions for judgment as a matter of law or for a new trial, which followed a jury verdict in favor of Elements Spirits, Inc. and Kim Brandi. Elements cross-appeals the district court's denial of its motion for attorneys' fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings.

1. The district court did not err in denying Globefill's motion for judgment as a matter of law. The jury was required to consider the eight factors laid out in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979), *abrogated on other grounds by Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 & n.19 (9th Cir. 2003). This was a close case, and the jury could have reasonably resolved many of the *Sleekcraft* factors in the defendants' favor, including critical factors like the similarity of the Crystal Head and KAH trade dresses. *See Fortune*

2

*Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1031–32 (9th Cir. 2010). Construing the evidence "in the light most favorable to the nonmoving party," *Weaving v. City of Hillsboro*, 763 F.3d 1106, 1117 (9th Cir. 2014), the jury's verdict is "supported by substantial evidence," *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002).

2. The district court did, however, abuse its discretion in denying Globefill's motion for a new trial based on Elements' misconduct during summation. Globefill adequately preserved this issue for appeal by making a contemporaneous objection. *See Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002) (citing *Kaiser Steel Corp. v. Frank Coluccio Constr. Co.*, 785 F.2d 656, 658 (9th Cir. 1986)). As the district court recognized, Elements' discussion of Globefill's response to the petition Elements filed in Mexico was improper because it referred to a document not in evidence. *See Janich Bros. v. Am. Distilling Co.*, 570 F.2d 848, 860 (9th Cir. 1977). Elements also misrepresented the contents of that document, *see United States v. Alvarado*, 838 F.2d 311, 317 (9th Cir. 1987), and falsely implied that Globefill deliberately concealed the document from the jury, *see Maricopa County v. Maberry*, 555 F.2d 207, 217–19 (9th Cir. 1977). Although limited to closing argument, this misconduct "sufficiently permeate[d] [the] entire proceeding," *Standard Oil Co. of Cal. v. Perkins*, 347 F.2d 379, 388 (9th Cir.

1965), because it undermined Globefill's credibility on the determinative issue in the case—whether or not there was a likelihood of confusion between Globefill's and Elements' trade dresses. *See Maberry*, 555 F.2d at 219. We therefore reverse and remand for a new trial.

3. The district court did not err in denying Elements' motion for attorneys' fees. Under either the standard established by *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), or by the then-binding precedents applied by the district court, this case is not "exceptional" within the meaning of the Lanham Act. *See* 15 U.S.C. § 1117(a). Globefill presented compelling evidence relevant to many of the *Sleekcraft* factors, and its case was not so weak as to "sufficiently set [this case] apart from [the] mine-run [of] cases to warrant a fee award." *Octane Fitness*, 134 S. Ct. at 1757.

Because we affirm in part and reverse in part, each party shall bear its own costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**