NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PNY TECHNOLOGIES, INC., | No. 17-15732 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01728-MMC |
| v. | |
| MILLER, KAPLAN, ARASE & CO, LLP, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted July 10, 2019
Portland, Oregon

Before: FERNANDEZ, GRABER, and OWENS, Circuit Judges.

PNY Technologies, Inc. ("PNY") appeals from the district court's denial of

its motion for a new trial in its diversity action against Miller, Kaplan, Arase &

Co., LLP ("Miller Kaplan"). We review for abuse of discretion the district court's

denial of a motion for a new trial, *Flores v. City of Westminster*, 873 F.3d 739,

755-56 (9th Cir. 2017), its imposition of discovery sanctions, *R & R Sails, Inc. v.*

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Ins. Co. of Pa.*, 673 F.3d 1240, 1245 (9th Cir. 2012), and its handling of closing argument, *Larez v. Holcomb*, 16 F.3d 1513, 1520-21 (9th Cir. 1994). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. The district court did not abuse its discretion by denying PNY's motion for a new trial based on the court's exclusion of certain emails as a discovery sanction under Federal Rule of Civil Procedure 37(c)(1). PNY's late disclosure of the emails was not harmless because Miller Kaplan would have had to depose additional witnesses while preparing for trial. *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

Contrary to PNY's contention, the exclusion of the emails was not tantamount to a dismissal of PNY's claim for lost profits. Therefore, the district court was not required to consider whether the late disclosure involved willfulness, fault, or bad faith, and the availability of lesser sanctions, such as continuing the trial to allow additional limited discovery about the emails. *See R & R Sails, Inc.*, 673 F.3d at 1247. PNY introduced witness testimony to support its claim for lost profit damages. Here, the discovery "sanction, although onerous, was less than a dismissal." *Yeti by Molly Ltd.*, 259 F.3d at 1106.

2. The district court also did not abuse its discretion by denying PNY's motion for a new trial based on a statement made by Miller Kaplan during closing argument. The court acted within its discretion by determining that the statement

2

was not misleading or contrary to the court's prior limitation on Miller Kaplan's closing argument. PNY's reliance on *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337 (9th Cir. 1995), and *Globefill Inc. v. Elements Spirits, Inc.*, 640 F. App'x 682 (9th Cir. 2016) (unpublished decision), is misplaced because those cases involved more egregious conduct.

**AFFIRMED**.