**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

R & R SAILS, INC., DBA Hobie
Cat Company,
                    *Plaintiff-Appellant,*

        v.

INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA,
                    *Defendant-Appellee.*

No. 10-55115

D.C. No.
3:07-cv-00998-
MMA-POR

R & R SAILS, INC., DBA Hobie
Cat Company,
                    *Plaintiff-Appellant,*

        v.

INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA
                    *Defendant-Appellee.*

No. 10-55888

D.C. No.
3:07-cv-00998-
MMA-POR

OPINION

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted
August 3, 2011—Pasadena, California

Filed March 21, 2012

3321

Before: Stephen Reinhardt and Marsha S. Berzon,
Circuit Judges, and Matthew F. Kennelly, District Judge.*

Opinion by Judge Kennelly

---

*The Honorable Matthew F. Kennelly, District Judge for the U.S. District Court for Northern Illinois, sitting by designation.

**COUNSEL**

John Morris (argued), Steven J. Cologne, Thomas W. Ferrell, and Victoria E. Fuller, Higgs Fletcher & Mack LLP, San Diego, California, for the plaintiff-appellant.

Daniel J. Gonzalez (argued), Peter Abrahams, and Andrea A. Ambrose, Horvitz & Levy LLP, Encino, California, for the defendant-appellee.

Rebecca R. Weinreich, Douglas R. Irvine, and Lane J. Ashley, Lewis Brisbois Bisgaard & Smith LLP, Los Angeles, California, for the defendant-appellee.

**OPINION**

KENNELLY, District Judge:

Insured R&R Sails, Inc. ("R&R") sued The Insurance Company of Pennsylvania, a subsidiary of the American International Group, Inc. ("AIG"), for breach of contract, unfair competition, and tortious bad faith denial of an insurance claim. The district court granted summary judgment on R&R's unfair competition claim. AIG then sent an unsolicited payment to R&R for the remaining policy benefits provided in the insurance policy, plus interest, resolving R&R's contract claim. These actions left in dispute only R&R's bad faith tort claim. On that claim, R&R sought to recover attorneys' fees and costs incurred to obtain its policy benefits, pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (Cal. 1985) ("*Brandt* fees"), and punitive damages.

During the litigation, the district court determined that R&R had violated the disclosure requirements of Federal Rules of Civil Procedure 26(a) and 26(e) and, as a sanction, precluded R&R from presenting its *Brandt* fees evidence. The district court then granted judgment as a matter of law on R&R's bad faith tort claim. It reasoned that R&R could not recover *Brandt* fees because of the preclusion sanction and that R&R therefore could present no evidence of compensatory damages in order to support an award of punitive damages, as required by California Civil Code § 3294. After entering judgment in AIG's favor, the district court awarded AIG costs in the amount of $24,254.18.

In No. 10-55115, R&R appeals from the district court's grant of judgment as a matter of law on its bad faith tort claim. It contends that the district court erred in holding that it had violated Rules 26(a) and 26(e); in precluding its *Brandt* fees evidence as a sanction for the violations; and in granting judgment in AIG's favor on its punitive damage claim. In No. 10-55888, R&R appeals from the district court's grant of

costs in favor of AIG. We have jurisdiction pursuant to 28 U.S.C. § 1291 and reverse and remand.

I

R&R owns Hobie Cat Australasia Pty. Ltd., an Australian corporation in the business of manufacturing and distributing watercraft. A December 2001 wildfire damaged Hobie Cat's manufacturing and sales facility in Woolamia, Australia. At the time of the wildfire, R&R held an insurance policy from AIG protecting against loss by fire at the facility. R&R submitted a claim for the losses; AIG paid some portions of the claim and declined to pay others.

R&R sued AIG, asserting breach of contract, unfair competition, and tortious bad faith denial of an insurance claim. On its bad faith claim, R&R sought to recover punitive damages and *Brandt* fees. The central dispute on appeal concerns the invoices that R&R planned to use to support its request for attorneys' fees and costs.

On September 14, 2007, R&R served its initial Rule 26 disclosures. In its disclosures, R&R disclosed that it sought $350,000 in *Brandt* fees and stated in a footnote that "[t]his amount is estimated at this time and will be amended at the time of trial." R&R did not specifically state in the disclosures that it planned to use invoices to support its claim for *Brandt* fees. R&R also did not produce any invoices to AIG. AIG's counsel, in turn, did not ask R&R to produce documents supporting the *Brandt* fees claim.

The time period for conducting fact discovery expired in April 2008. In June 2008, AIG replaced its counsel and, for the first time, requested documents relating to R&R's requests for damages. Specifically, on June 18, 2008, AIG served a notice of deposition on R&R's damages expert in which it requested production by R&R of all documents relating to R&R's damage claims. Neither R&R nor the expert turned

over the invoices at that time. It does not appear, however, that AIG brought this lapse to the attention of the district court by, for example, seeking to compel compliance with the deposition notice.

Nearly a year later, in April 2009, the district court issued a final pretrial schedule that instructed the parties to comply with Federal Rule of Civil Procedure 26(a)(3) and Southern District of California Civil Local Rule 16.1(f). Rule 26(a)(3) governs pretrial disclosures and includes a requirement that each party provide "an identification of each document or other exhibit" that the party may present at trial. *Id.* Local Rule 16.1(f) sets forth a number of disclosure requirements, including that the parties exchange or display their exhibits at least twenty-one days before the pretrial conference. The district court scheduled the pretrial conference for early July 2009. *See* U.S. Dist. Ct. Rules, S. Dist. Cal., Rule 16.1(f)(4)(b).

On June 15, 2009, R&R submitted a pretrial memorandum in which it stated that it would support its request for *Brandt* fees with exhibit 345: "Invoices reflecting attorneys fees and costs incurred by Hobie Cat." R&R also revised its estimate of the *Brandt* fees to reflect a sum of more than $450,000. AIG's memorandum of contentions of fact and law, filed on the same day, noted: "R&R Sails has not provided any evidence in discovery or under Rule 26 in support of the claims for attorney's fees."

Soon thereafter, AIG's counsel, Douglas Irvine, began requesting the invoices, to no avail: On June 17, 2009, Irvine requested the invoices, among other items, in a phone call with R&R's counsel, Thomas Ferrell. R&R delivered copies of many of its exhibits to AIG on June 23 but omitted the invoices. Irvine e-mailed Ferrell the next day, stating that he had not received the invoices and warning that AIG would "object to the introduction of any evidence not timely produced by R&R Sails in support of its claim for attorney's fees

as damages under the *Brandt* case." Later that day, Ferrell e-mailed Mr. Irvine that another R&R attorney was "working on the exhibits."

On June 25, 2009, Irvine e-mailed Ferrell again regarding missing exhibits. Four days later, R&R's counsel responded by e-mail that the attorneys' fee statements "are being redacted and will be produced in due course."

The parties then filed an amended proposed pretrial order and objections to each other's pretrial disclosures. R&R asserted that it was seeking *Brandt* fees "in excess of $450,000." It also sought clarification from the court regarding "whether the request for fees will be made to the Court or the jury, at what stage of the trial, and whether redacted copies of [R&R]'s billings and costs will be sufficient for this purpose." AIG noted in the proposed order that R&R had not yet provided any evidence in support of its claim for *Brandt* fees and objected to the invoices exhibit on the ground that it was "[n]ever produced."

Even after the proposed pretrial order was filed, R&R did not promptly turn over the invoices. Ferrell later stated that R&R had wished to insert "modest redactions" that would still "have given AIG all the information it needed." He explained that the redacted invoices were ready for delivery to AIG on June 30, 2009, but that R&R did not then deliver them to AIG because it expected to discuss the redaction issue at the pretrial conference, which was scheduled for July 8, 2009.

On June 30, 2009, just over a week before the final pretrial conference, AIG paid R&R $1,127,246 in full satisfaction of R&R's outstanding claims for benefits under the insurance policy, plus interest. In a letter notifying R&R of the payment, AIG wrote:

> [W]hile the claim file reflects a wide number of genuine differences of opinion, we can understand your

> position that the claim could have been handled bet-
> ter. Our review indicates that the service provided in
> this instance was not consistent with the high stan-
> dards to which we hold ourselves and did not meet
> your expectations.

The payment resolved R&R's contract claim. Because the district court had previously granted summary judgment on R&R's unfair competition claim, only R&R's bad faith tort claim, and its request for *Brandt* fees and punitive damages, remained in dispute.

At the final pretrial conference on July 8, 2009, the parties discussed the *Brandt* fees issue only briefly. The parties disagreed regarding whether R&R should submit the amount of its *Brandt* fees claim to the district court (R&R's position) or to the jury (AIG's position), and the district court declined to decide the issue. AIG's counsel reiterated its objection to the invoices, stating: "[W]e take the position they can't even put on a *Brandt* claim because they never produced any documents or any evidence, in connection with their initial disclosure, pre-trial disclosure." R&R did not respond to the objection, nor did it seek guidance from the court regarding the redaction issue. R&R later stated that, based on what occurred at the pretrial conference, it believed the Court would address the issue of the *Brandt* fees at trial. The court set trial for January 5, 2010.

On July 24, 2009, Irvine e-mailed Ferrell, requesting a response to a number of questions and also restating the concern that R&R had not produced exhibit 345. Ferrell replied: "Will do." Once again, however, Ferrell did not produce the invoices.

AIG subsequently filed a motion in limine seeking to preclude R&R from introducing any evidence in support of its *Brandt* fees claim at trial, based on Federal Rule 26. The motion also noted that R&R had failed to produce its exhibits

supporting the *Brandt* fees claim pursuant to the district judge's pretrial order issued pursuant to Local Rule 16.1(f). R&R argued in opposition to the motion that AIG had never requested the documents and that it had complied with the "spirit and purpose" of Rule 26. This time, R&R did not mention the need to redact the invoices, but, once again, it did not turn over the invoices to AIG.

On November 20, 2009, the district court granted the motion in limine, ruling that R&R had violated Rules 26(a) and 26(e) and that the violation was not harmless. The court then excluded R&R's *Brandt* fees evidence as a sanction pursuant to Federal Rule of Civil Procedure 37(c)(1).

R&R moved for reconsideration of the district court's ruling. This time, R&R acknowledged that AIG had requested the invoices in June 2009 but stated that AIG had "insisted that they be completely redacted." R&R explained that it had expected the court to resolve the redaction dispute at the July 8, 2009 pretrial conference, and, when that did not happen, at the time of trial. It concluded that, "[u]nder these circumstances, forbidding [R&R] from seeking attorneys' fees is an extreme sanction." On December 21, 2009, R&R finally provided AIG with copies of the attorneys' fees invoices. The invoices were unredacted. The district court denied the motion for reconsideration.

The district court then granted AIG's subsequent motion for judgment as a matter of law on R&R's bad faith tort claim. The court first determined that, without the *Brandt* fees evidence, R&R could present no evidence of compensatory damages. Indeed, R&R had stipulated that, "[i]n light of the Court's rulings on the defendant's Motion *in Limine* No. 2 . . . , [R&R] will be unable to present evidence of compensatory damages in excess of the amount that the defendant paid to [R&R] during the course of this litigation." The court then concluded that R&R's punitive damages claim failed because R&R could present no evidence of compensatory damages to

support an award of punitive damages, as required by California Civil Code § 3294.

After the district court entered judgment in its favor, AIG sought to recover costs under Federal Rule of Civil Procedure 54(d) as the prevailing party. Over R&R's objection, the court clerk issued an order taxing costs in AIG's favor in the amount of $24,254.18, and the district court denied R&R's subsequent motion to re-tax costs. R&R timely appealed from both the grant of judgment as a matter of law on its bad faith tort claim and the award of costs.

## II

We begin with the district court's determination that R&R violated the disclosure requirements of Rules 26(a) and 26(e) and its exclusion of the invoices under Rule 37(c)(1). This Court "review[s] the district court's rulings concerning discovery, including the imposition of discovery sanctions, for abuse of discretion." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011) (citation omitted). "[T]o the extent the imposition of sanctions turns on the resolution of an issue of law, review is de novo." *Id.* (citation omitted); *see also Mann v. Am. Airlines*, 324 F.3d 1088, 1092 (9th Cir. 2003) ("The interpretation of a Federal Rule of Civil Procedure is . . . a question of law reviewed de novo.") (citation omitted). This Court "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)" because subsection 37(c)(1) "is a recognized broadening of the sanctioning power." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citations omitted); *see also Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1178 (9th Cir. 2008).

**[1]** Rule 26(a)(1)(A) requires a plaintiff to make certain initial disclosures to the defendant "without awaiting a discovery request." Pursuant to subsection 26(a)(1)(A)(ii), the plaintiff must provide "a copy — or a description by category

and location — of all documents . . . that the [plaintiff] has in its possession, custody, or control and may use to support its claims." Pursuant to subsection 26(a)(1)(A)(iii), the plaintiff must provide "a computation of each category of damages claimed" and must "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." The advisory committee note to Rule 26 describes this last requirement as "the functional equivalent of a standing Request for Production under Rule 34." Fed. R. Civ. P. 26 advisory committee's note to 1993 Amendments (explaining that, "[a] party claiming damages or other monetary relief must . . . make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34").

**[2]** Rules 26(a)(1)(c) and 26(e)(1) set forth guidelines regarding the timing of initial disclosures. Pursuant to Rule 26(a)(1)(c), the disclosing party must make its initial disclosures within fourteen days of the parties' Rule 26(f) conference or at a time set by stipulation or court order. Pursuant to Rule 26(e)(1), the disclosing party must "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). "A major purpose" of the initial disclosure requirements "is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." Fed. R. Civ. P. 26 advisory committee's note to 1993 Amendments.

**[3]** Rule 37(c)(1) "forbid[s] the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Hoffman*, 541 F.3d at 1179 (quoting *Yeti by Molly Ltd.*, 259 F.3d at 1106). It provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.
>
> In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless. *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008).

Contrary to the district court's apparent suggestion, R&R was not required to affirmatively produce its attorney's fee invoices during the discovery period without a request from AIG. That aside, however, the district did not abuse its discretion in finding that R&R failed to meet its obligations under Rule 26(a)(1) and Rule 26(e)(1).

**[4]** Rule 26(a)(1)(A)(ii) required R&R to produce either a copy or a description of the documents on which it based its damages calculation. R&R did neither when it made its Rule 26(a)(1) disclosures. Rather, those disclosures simply provided the approximate amount of R&R's *Brandt* fee request without describing the documents on which it based the

request. Nor did R&R supplement its initial disclosures, as required by Rule 26(e), after it became evident that the initial disclosures were incomplete. R&R first identified the documents on which it relied in its June 15, 2009 pretrial memorandum, filed after the close of discovery, and even then R&R provided only a generic reference to "[i]nvoices reflecting attorneys fees and costs."

**[5]** In addition, though Rule 26(a)(1)(A)(iii) did not require affirmative production of the invoices, it required R&R to "make [them] available for inspection." The district court did not abuse its discretion in concluding that R&R had failed to comply with this obligation in timely fashion. When AIG's new counsel served a deposition notice on R&R's expert in June 2008 requesting production of documents supporting R&R's damages claims, neither R&R nor the expert produced the invoices. Later, after R&R submitted its June 15, 2009 pretrial memorandum, AIG's counsel repeatedly requested the invoices, to no avail. Indeed, R&R did not produce the invoices even after AIG called their non-production to the district court's attention at the July 8, 2009 final pretrial conference. It was therefore reasonable for the district court to conclude that R&R had not, in timely fashion, made the invoices available for inspection as required by Rule 26(a)(1)(A)(iii).

**[6]** We are not convinced, however, that the district court made findings sufficient to support its preclusion of the invoices under Rule 37(c)(1). We recognize that, in the ordinary case, violations of Rule 26 may warrant evidence preclusion. *See, e.g.*, *Yeti by Molly Ltd.*, 259 F.3d at 1107. Yet evidence preclusion is, or at least can be, a "harsh[ ]" sanction. *See id.* at 1106. In this case, the sanction was particularly harsh, because it dealt a fatal blow not only to R&R's entire *Brandt* fees claim but also its request for punitive damages. Thus in practical terms, the sanction amounted to dismissal of a claim.

**[7]** Under this circuit's law, because the sanction amounted to dismissal of a claim, the district court was required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith, *see id.* at 1106 (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993), and *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983), and also to consider the availability of lesser sanctions. *See, e.g.*, *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997); *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). We now reaffirm the existence of that requirement when a district court conducts the harmlessness inquiry required under Rule 37(c)(1).[1] We note that this approach accords with the decisions of other circuits. *See, e.g.*, *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) (requiring the district court to consider the possibility of a continuance); *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (requiring consideration of the surprise to the party against whom the evidence would be offered and the ability of that party to cure the surprise); *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003) (requiring consideration of the possibility that a continuance would cure prejudice to the opposing party). Because it does not appear that the district court conducted this inquiry, and because it did not make the requisite findings, it erred when it excluded the invoices under Rule 37(c)(1).

---

[1] In *Yeti by Molly*, we implicitly recognized this requirement that the district court make a finding as to willfulness, fault or bad faith when a Rule 37(c)(1) sanction results in dismissal of a cause of action. We noted that "th[e] case [wa]s distinguishable from cases in which we have required a district court to identify 'willfulness, fault or bad faith' before dismissing a cause of action outright as a discovery sanction" because the sanction at issue, "although onerous, was less than a dismissal." *Yeti by Molly Ltd.*, 259 F.3d at 1106. And although in *Hoffman* we "reject[ed] the notion that the district court was required to make a finding of willfulness or bad faith to exclude damages evidence," 541 F.3d at 1180, in that case, as in *Yeti by Molly*, the preclusion sanction did not amount to the dismissal of a cause of action.

**[8]** In sum, we reverse the district court's judgment in AIG's favor on R&R's bad faith tort claim and remand for further proceedings consistent with this decision. Our reversal of the district court's judgment on R&R's claims necessitates reversal of the district court's award of costs as well. *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) ("Where a reviewing court reverses a district court's judgment for the prevailing party, . . . both the underlying judgment and the taxation of costs undertaken pursuant to that judgment are reversed." ). **REVERSED AND REMANDED.**