**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JUN 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TOYRRIFIC, LLC,

          Plaintiff - Appellant,

  v.

EDVIN KARAPETIAN, an individual; et al.,

          Defendants - Appellees.

No. 13-55825

D.C. No. 2:12-cv-04499-ODW-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted May 7, 2015
Pasadena, California

Before: LIPEZ,[**] WARDLAW, and MURGUIA, Circuit Judges.

    Toyrrific, LLC appeals the district court's order excluding damages

evidence as a sanction pursuant to Federal Rule of Civil Procedure 37(c)(1) and

granting summary judgment in favor of Defendants Edvin Karapetian, Edward

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Kermit V. Lipez, Senior Circuit Judge for the First Circuit, sitting by designation.

Minasyan, Lena Amerkhanian, and Edo Trading, Inc. ("Appellees").  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

1.  The district court did not err in concluding that Toyrrific failed to meet all of its initial disclosure obligations under Federal Rule of Civil Procedure 26(a)(1)(A)(iii).  *See R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012).  Rule 26(a)(1)(A)(iii) requires parties to produce "a computation of each category of damages claimed" and to "make available for inspection and copying . . . the documents . . . on which each computation is based" without awaiting a discovery request.  Toyrrific did neither.  Rule 26(a)(1)(A) disclosures must be made "without awaiting a discovery request," so it is irrelevant whether Appellees sought the information by interrogatory or failed to move to compel disclosure.

2.  However, the district court erred as a matter of law by excluding the damages evidence under Rule 37(c)(1).  *See R & R Sails*, 673 F.3d at 1247.  Here, excluding damages evidence was fatal to Toyrrific's claim.  Appellees moved for summary judgment on the basis that Toyrrific could not introduce evidence of damages.  The district court in the same order (1) ruled on the discovery violation, (2) ordered the evidence excluded, and (3) granted summary judgment on the sole basis that, as a result of the exclusion of the evidence, Toyrrific could not prove the

damages element of its breach of contract claim. "Thus in practical terms, the sanction amounted to dismissal of a claim." *Id.* Accordingly, the district court erred as a matter of law by imposing Rule 37(c)(1) exclusionary sanctions without finding that Toyrrific's "noncompliance involved willfulness, fault, or bad faith," and without considering "the availability of lesser sanctions." *Id.* at 1245, 1247.[1]

**REVERSED and REMANDED.**

---

[1] We note that there is some tension in our law over the requirement that, before a sanction amounting to dismissal of a claim can be issued, the district court must consider whether the claimed "noncompliance involved willfulness, fault, or bad faith" and must also consider "the availability of lesser sanctions." *R & R Sails*, 673 F.3d at 1247. The panel in *R & R Sails* distinguished *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175 (9th Cir. 2008), which "reject[ed] the notion that the district court was required to make a finding of willfulness or bad faith to exclude the damages evidence . . . even when a litigant's entire cause of action will be precluded," 541 F.3d at 1180, by asserting that the sanction there was not tantamount to a dismissal of the entire claim. *See* 673 F.3d at 1247 n.1. We find this distinction questionable, but are bound to follow *R & R Sails*.

3