**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALTEX PLASTICS, INC., a California corporation,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>SHANNON PACKAGING, CO., a California corporation,<br><br>    Defendant-Appellee. | No. 15-55942<br><br>D.C. No.<br>2:13-cv-06611-RSWL-JEM<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted December 6, 2016
Pasadena, California

Before: D.W. NELSON and OWENS, Circuit Judges, and KORMAN,[**] District Judge.

  Caltex Plastics, Inc. ("Caltex") appeals from the district court's decision

granting summary judgment to Shannon Packaging, Co. ("Shannon") on claims

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

that Shannon engaged in (1) false advertising under the Lanham Act, 15 U.S.C. § 1125(a), (2) false advertising under Cal. Bus. & Prof. Code. § 17500, and (3) unfair competition under Cal. Bus. & Prof. Code § 17200 when it advertised that its product was tested according to the MIL-PFR-81705 Type III specification ("81705 Spec.") "Test Method" and that its product was "designed to meet the performance of MIL PFR 81705 T3." As the parties are familiar with the facts, we do not recount them here. We vacate and remand.

Caltex argues that the district court's decision to exclude the Declaration of James R. Higgs ("Higgs Declaration"), filed in support of its Opposition to Shannon's Motion for Summary Judgment, was an abuse of discretion. Higgs posits that Shannon's advertisements that its product was "designed to meet the performance of MIL PFR 81705 T3" and that its product was tested according to the 81705 Spec. "Test Method" were literally false. According to Higgs, Shannon only tested for one of the 19 characteristics required by the 81705 Spec. and used different test methods than those accepted by the military. Thus, the Higgs Declaration raised factual disputes as to whether (1) Shannon designed its product to meet all of the requirements of the 81705 Spec., or just one and (2) Shannon tested its product according to the 81705 Spec. "Test Method."

The district court excluded the Higgs Declaration as a Fed. R. Civ. P. Rule 37 sanction because Caltex failed to disclose Higgs as a witness, in violation of Fed. R. Civ. P. 26(a)(2), and because Higgs violated a court-imposed Protective Order. The district court held that, "[w]ithout the Higgs Declaration, which has been excluded," Caltex failed to provide affirmative evidence that Shannon's product testing claims were not sufficiently reliable, and dismissed Caltex's false advertising claims. Accordingly, the district court's decision to exclude the Higgs Declaration was tantamount to dismissal of Caltex's claims.

A district court's discretion to impose sanctions is limited when the imposition of sanctions would be tantamount to dismissal. *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012); *see also Toyrrific, LLC v. Karapetian*, 606 F. App'x 365, 365 (9th Cir. June 2, 2015) (unpublished). "[B]ecause the sanction amounted to dismissal of a claim, the district court was required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith, and also to consider the availability of lesser sanctions." *R & R Sails*, 673 F.3d at 1247 (internal citations omitted).

Here, the district court did not explicitly consider these factors in its decision to exclude the Higgs Declaration. Accordingly, we vacate and remand to the district court to address these factors before deciding what sanction is appropriate.

3

**VACATED AND REMANDED.**