**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CELY TABLIZO, <br><br> Plaintiff–Appellant, <br><br> v. <br><br> CITY OF LAS VEGAS, <br><br> Defendant–Appellee. | No.   17-15520 <br><br> D.C. No. <br> 2:14-cv-00763-APG-VCF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted April 11, 2018[**]
San Francisco, California

Before: KLEINFELD, W. FLETCHER, and FISHER, Circuit Judges.

   Plaintiff-Appellant Cely Tablizo appeals the district court's grant of

summary judgment for Defendant-Appellee the City of Las Vegas.  We have

jurisdiction under 28 U.S.C. § 1291.  We review the grant of summary judgment de

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

novo, <u>Vasquez v. County of Los Angeles</u>, 349 F.3d 634, 639 (9th Cir. 2004), and evidentiary rulings and sanctions for abuse of discretion, <u>Hoffman v. Constr. Protective Servs., Inc.</u>, 541 F.3d 1175, 1178 (9th Cir. 2008). We affirm in part, reverse in part, and remand.[1]

## I.

There are no genuine issues of material fact regarding the claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et seq.</u> Tablizo has not presented evidence that City employees had discriminatory motives or treated her differently than her co-workers because of her ethnicity or race. <u>See</u> <u>Reynaga v. Roseburg Forest Prods.</u>, 847 F.3d 678, 690–91 (9th Cir. 2017); Peterson v. Hewlett-Packard Co., 358 F.3d 599, 605 (9th Cir. 2004). The evidence does not show that Tablizo experienced a hostile work environment because of her ethnicity or race. <u>See</u> <u>Vasquez</u>, 349 F.3d at 643–44. The evidence does not show that the City retaliated against Tablizo because she filed complaints with the Equal Employment Opportunity Commission and the Nevada Equal Rights Commission. There is no evidence of a causal relationship between those complaints and any adverse employment action. <u>See</u> <u>Clark Cty. Sch. Dist. v.</u>

---

[1] We do not address the merits of Tablizo's claim for intentional infliction of emotional distress. She conceded to its dismissal at the district court.

Breeden, 532 U.S. 268, 273–74 (2001) (per curiam).  And Tablizo has not presented evidence that the City's legitimate, nondiscriminatory reasons for disciplining and firing her were pretextual.  See Aragon v. Republic Silver State Disposal, Inc., 292 F.3d 654, 664 (9th Cir. 2002).  Therefore, we affirm the district court's grant of summary judgment in favor of the City on Tablizo's Title VII claims.

## II.

Tablizo also brought claims under the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq., and for negligence.  The district court excluded evidence of damages for those claims under Federal Rule of Civil Procedure 37(c)(1) because Tablizo failed to disclose a "computation of . . . damages claimed" as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii).  As a result of this exclusionary sanction, the district court granted summary judgment to the City on the FMLA and negligence claims, reasoning that Tablizo could not prove damages, which is an essential element of both claims.

Although Tablizo failed to satisfy Rule 26(a)(1)(A)(iii), the district court nevertheless did not make findings sufficient to support its exclusion of evidence of damages under Rule 37(c)(1).  When a Rule 37(c)(1) sanction will result in the functional dismissal of a claim, the district court is required to find "the claimed

3

noncompliance involved willfulness, fault, or bad faith, and also to consider the availability of lesser sanctions." R & R Sails v. Ins. Co. of Pa., 673 F.3d 1240, 1247 (9th Cir. 2012) (citations omitted); see also Toyrrific, LCC v. Karapetian, 606 F. App'x 365, 365 (9th Cir. 2015) ("Here, excluding damages evidence was fatal to Toyrrific's claim. . . .   Accordingly, the district court erred as a matter of law by imposing Rule 37(c)(1) exclusionary sanctions without finding that Toyrrific's 'noncompliance involved willfulness, fault, or bad faith,' and without considering 'the availability of lesser sanctions.'" (quoting R & R Sails, 673 F.3d at 1247)).

Instead of undertaking this inquiry or making the needed findings, the district court stated its Rule 37(c)(1) sanction was "automatic" and "mandatory." The district court relied on Yeti by Molly Ltd v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001), to support its imposition of the exclusionary sanction. But the Yeti court recognized a district court must find willfulness, fault or bad faith before imposing a Rule 37(c)(1) sanction that effectively dismisses a cause of action. See Yeti, 259 F.3d 1101, 1106 ("[T]his case is distinguishable from cases in which we have required a district court to identify 'willfulness, fault, or bad faith' . . . .   These cases do not apply because this sanction, although onerous, was less than a dismissal."); see also R & R Sails, 673 F.3d at 1247 n.1 ("In Yeti by Molly, we implicitly recognized this requirement that the district court must make

4

a finding of willfulness, fault, or bad faith when a Rule 37(c)(1) sanction results in dismissal of a cause of action.").

Because the district court did find willfulness, fault or bad faith and did not consider the availability of lesser sanctions, we conclude it erred in excluding evidence of damages under Rule 37(c)(1). We therefore reverse and remand for the district court to apply the correct standard and make the needed findings. Each party shall bear their own costs.

**AFFIRMED in part, REVERSED in part, and REMANDED.**