**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOYRRIFIC, LLC, | No. 16-56580 |
| Plaintiff-Appellant, | DC No. CV 12-4499 ODW |
| v. | |
| EDVIN KARAPETIAN; EDWARD MINASYAN; LENA AMERKHANIAN; EDO TRADING, INC., a California Corporation, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted March 6, 2018
Pasadena, California

Before:     TASHIMA, BEA,** and NGUYEN, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      Judge Bea was randomly drawn to replace Judge Reinhardt, who passed away after this case was submitted for decision.  The record, briefs, and video recording of the oral argument were made available for Judge Bea's review.

Plaintiff-Appellant Toyrrific, LLC ("Toyrriffic") appeals the district court's order excluding damages evidence as a sanction pursuant to Federal Rule of Civil Procedure 37(c)(1) and granting summary judgment in favor of Defendants-Appellees Edvin Karapetian, Edward Minasyan, Lena Amerkhanian, and Edo Trading, Inc. ("Defendants"). This court previously reversed and remanded because the district court imposed the same sanction against Toyrrific and granted judgment to the Defendants "without finding that Toyrrific's 'noncompliance involved willfulness, fault, or bad faith,' and without considering the 'availability of lesser sanctions.'" *Toyrrific, LLC v. Karapetian*, 606 F. App'x 365, 365–66 (9th Cir. 2015) (quoting *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1245, 1247 (9th Cir. 2012)). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we again reverse and remand.

1. The district court should have interpreted Toyrrific's counsel's declaration as a request to extend the time for filing an opposition under Federal Rule of Civil Procedure 6(b) and determined whether Toyrrific had shown "excusable neglect." *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Taking Defendants' motion as unopposed without doing so was an abuse of discretion. *See Ahanchian*, 624 F.3d at 1261–62.

2

**2.**     Regardless, the district court again erred in excluding damages evidence as a sanction and granting summary judgment to the Defendants. As on the previous appeal, the sanction amounted to dismissal of Toyrrific's breach of contract claim, meaning the court had to find that Toyrrific's conduct was the result of willfulness, fault, or bad faith, and also consider the availability of lesser sanctions. *See R & R Sails*, 673 F.3d at 1245, 1247. The only disputed issue on this appeal is whether the district court considered lesser sanctions. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987).

The district court listed Toyrrific's misconduct and stated only that lesser sanctions would be an ineffective deterrent. This "does not satisfy the type of explicit discussion of alternative sanctions our precedent demands." *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1056 (9th Cir. 2001) (citing *Malone*, 833 F.2d at 132; *see also Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1430 (9th Cir. 1990).

We have upheld dismissals where an explicit discussion of alternatives is lacking. However, in those cases, explicit discussion was unnecessary because the court tried lesser sanctions, the court warned that failure to obey orders in the future would result in dismissal, or the case involved other egregious

3

circumstances. *See Estrada*, 244 F.3d at 1057. None of these "exceptions" exists here. *Id.*

The district court did not implement lesser sanctions. The district court issued an order permitting Toyrrific to brief the R & R Sails factors on remand pursuant to this court's prior mandate; we do not read that order as affording Toyrrific a "second chance" to submit evidence of damages.

Nor was the district court's order a warning. Permitting Toyrrific to defend its 2013 conduct under the correct test in 2016 was not a warning that committing that conduct in 2013 might result in dismissal. *See id.* (citing *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). The district court's order was also not a warning that a different kind of violation – a late-filed opposition – would result in dismissal. *See United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 913 (9th Cir. 1986).

This is also not an egregious case where it is "clear that no other alternative would have been reasonable." *U.S. ex rel. Wiltec Guam, Inc. v. Kahaluu Const. Co.*, 857 F.2d 600, 604 (9th Cir. 1988). The numerous discovery violations listed by the district court might suggest otherwise. However, the district court relied on misconduct from other cases. "There must be a nexus between the party's actionable conduct and the merits of his case." *Halaco Eng'g Co v. Costle* 843

4

F.2d 376, 381 (9th Cir. 1988).  Because the district court relied on such misconduct without examining whether it affected resolution of this case, and we discern no such nexus on this record, reversal is warranted for this reason, as well.

On remand, the district court retains the discretion to impose sanctions.  In doing so, however, it must first expressly consider lesser alternatives as this court's case law requires, and ensure that "the misconduct penalized . . . relate[s] to matters in controversy in such a way as to interfere with the rightful decision of the case."  *Id.*[1]

**REVERSED and REMANDED.**

---

[1] We need not and do not decide whether the district court erred in denying Toyrrific's Rule 60(b) motion.