**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY A. ORAM, Jr., | No. 18-35038 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00047-BMM |
| v. | |
| THE CITY OF DILLON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted February 19, 2019[**]

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Gary A. Oram, Jr., appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional claims in connection with his arrest for assault. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Glenn v. Washington County*, 673 F.3d 864, 870 (9th

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2011). We affirm.

The district court properly granted summary judgment on Oram's unlawful arrest claim because Oram failed to raise a genuine dispute of material fact as to whether Haggard and Alvarez arrested him without probable cause. *See United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (probable cause for a warrantless arrest exists "when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested"); *see also Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) ("The mere existence of some evidence that could suggest self-defense does not negate probable cause.").

The district court properly granted summary judgment on Oram's excessive force claim because Oram failed to raise a genuine dispute of material fact as to whether Haggard and Alvarez used an unreasonable amount of force against him. *See Espinosa v. City & County of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010) (explaining framework for analyzing an excessive force claim).

The district court properly granted summary judgment on Oram's equal protection claim because Haggard and Alvarez were entitled to qualified immunity under the circumstances. *See Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011) (discussing qualified immunity and noting that a right is clearly established only if

"every reasonable official would have understood that what he is doing violates that right" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Oram's conspiracy and *Monell* claims because Oram failed to demonstrate an underlying constitutional violation. *See Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (a claim of conspiracy under § 1983 does not exist without an underlying constitutional violation); *Johnson v. City of Seattle*, 474 F.3d 634, 638-39 (9th Cir. 2007) ("[M]unicipalities are only liable under Section 1983 if there is, at minimum, an underlying constitutional tort."); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-93 (1978).

The magistrate judge did not abuse its discretion in its disposition of the parties' various discovery motions, including its awards of sanctions under Rule 37 for Oram's failure to attend his deposition, and its denial of Oram's reconsideration motion of its order denying the motion to compel production of the dispatch records. *See R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1245 (9th Cir. 2012) (setting forth standard of review for discovery rulings and sanctions).

The magistrate judge properly exercised its jurisdiction in ruling on Oram's various non-dispositive motions. *See Parsons v. Ryan*, 912 F.3d 486, 495 (9th Cir. 2018) (setting forth standard of review); *see also* 28 U.S.C. § 636(b)(1)(A) (listing matters over which magistrate judges have jurisdiction).

18-35038

We reject as meritless Oram's contentions that the district court and the magistrate judge denied him due process, the district court acted outside its jurisdiction in dismissing the conspiracy claim, and the clerk's bills of costs violated his due process rights and right against double jeopardy.

We do not consider arguments raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Oram's requests to bifurcate, to serve Johnson, and for an *in limine* ruling, set forth in the opening and reply briefs, are denied.

Oram's motion for leave to transmit physical exhibits (Docket Entry No. 12) is denied.

**AFFIRMED.**