Filed 5/7/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GEORGE BYERS et al., | |
|     Petitioners, | |
| v. | |
| THE SUPERIOR COURT OF CONTRA COSTA COUNTY, | A169321 |
|     Respondent; | (Contra Costa County Super. Ct. No. C20-01760) |
| USAA GENERAL INDEMNITY COMPANY et al., | |
|     Real Parties in Interest. | |

When a party seeks attorney fees as damages caused by an insurer's breach of the covenant of good faith and fair dealing under *Brandt v. Superior Court* (1985) 37 Cal.3d 813, 819 (*Brandt*), it impliedly waives the attorney–client privilege with respect to its attorney fees agreements, invoices, fees statements, billing records, receipts, and proof of payments (collectively, attorney fees documents) that evidence the amount of its damages.

In this writ proceeding, George and Sheila Byers challenge the trial court to vacate its order granting USAA General Indemnity Company's (USAA) motion to compel further responses to document requests seeking attorney fees documents. The Byerses further request that we order the trial court to delay production of their attorney fees documents until after the jury

1

makes a determination of liability.  We conclude that the trial court did not err and deny the petition.

## BACKGROUND

This discovery dispute arises from an action brought by the Byerses against USAA, their homeowners insurer, as well as other defendants (Masters Distribution, Inc.; Clifton Michael Potter; and Crawford and Company).  Among other causes of action in their operative complaint, the Byerses allege USAA is liable for breach of contract and breach of the covenant of good faith and fair dealing related to the installation of hardwood flooring at their Orinda home.[1]  The complaint's prayer for relief includes a prayer:  "For attorneys' fees and costs."

On May 17, 2021, the Byerses responded to an interrogatory propounded by USAA asking:  "If YOU contend that YOU are entitled to *Brandt* fees from USAA . . . relating to the LOSS, state each and every fact which supports your contention."  The Byerses' verified response explained the facts supporting "[their] basis for *Brandt* fees" and concluded by stating: "The Byers are entitled to *Brandt* fees, as an element of damages caused by USAA wrongfully withholding benefits owing under its policies, including attorneys' fees and other the [*sic*] prelitigation expenses incurred in the Byers' attempts to obtain the benefits owing to them under the policies issued by USAA."  On May 1, 2023, USAA served document requests, which included the four requests at issue here.  The first two requests at issue are prefaced with the introductory statement, "If YOU are claiming attorney's fees based on YOUR contention that POLICY benefits were unreasonably

---

[1] USAA submitted the Byerses' fourth amended complaint with its return.  The Byerses acknowledge that the latest amended complaint did not change the allegations of their causes of action for breach of contract and breach of the covenant of good faith and fair dealing.

2

withheld" (request for production Nos. 46 and 47), and the last two requests are prefaced with the slightly different, but essentially the same, introductory statement, "If YOU are claiming attorney's fees pursuant to *Brandt v. Superior Court* (37 Cal.3d 813 (1985))" (request for production Nos. 48 and 49). The requests then ask for production of "each and every fee agreement with YOUR attorneys in the instant litigation" and "each and every billing record, fee statement, invoice, receipt and proof of payment from YOUR attorneys in the instant litigation."

The Byerses refused to produce any documents, objecting (1) to " 'YOU' " and " 'YOUR' " as ambiguous, overbroad, and calling for speculation as to individuals other than themselves;[2] (2) on attorney–client privilege and/or work product doctrine grounds; (3) to the requests not designating a category of documents with reasonable particularity; and (4) to the time and place of inspection, as being unreasonable, burdensome, and not in compliance with Code of Civil Procedure section 2031.030.

Following a hearing on USAA's motion to compel, the trial court granted USAA's motion. The order states in relevant part: "Byers admit that they are seeking recovery of attorneys' fees as an element of damages in their cause of action for bad faith. (*Brandt v. Superior Court* (1985) 37 Cal.3d 813, 819.) As such, evidence of attorneys fees is discoverable and Byers are ordered to produce documents responsive to USAA GIC's Requests for Production of Documents, Nos. 46, 47, 48 and 49 which are the subject of this Motion. [¶] The Court believes that there is value in producing the attorney invoices, based the fact [*sic*] that Byers intend to seek attorneys' fees as

_____

[2] The document requests also included a definition section. "YOU" and "YOUR" were defined as "Plaintiff" and his/her agents, employees, attorneys, accountants, investigators, public adjuster, and anyone else acting on that plaintiff's behalf.

3

damages in a claim for the attorneys' fees incurred to obtain the policy benefits allegedly wrongfully denied under *Brandt v. Superior Court* (1985) 37 Cal.3d 813, 819, and that, in light of attorneys' fees being claimed as damages, USAA GIC would be prejudiced by not having access to this information during discovery. [¶] Consequently, the Court orders the production of all documents responsive to USAA GIC's Requests for Production of Documents, Nos. 46, 47, 48 and 48 [*sic*], but Byers' counsel may redact the documents to remove references that counsel believes reflect attorney work product, i.e., information that may give an indication of counsel's impressions, conclusions, opinions, or legal research or theories, or as to consultants or expert witnesses for which the attorney work product doctrine has not been waived by Byers' counsel. [¶] . . . [¶] USAA GIC may challenge the redactions made by counsel for Byers, and such redactions will be evaluated by the Court in an *in camera* hearing. . . ."

The Byerses filed the instant petition seeking relief from the order and requesting a stay of the trial court's order. They argue that the trial court abused its discretion by forcing them to waive the attorney–client privilege during litigation as a condition of seeking *Brandt* fees; by forcing an election of remedies; by ordering production of all invoices, fees agreements and payment history; by ordering in camera review of attorney invoices; and by failing to consider the improper form of the requests for production and their overbreadth. Further, they contend that production of evidence to support their *Brandt* fees claims should be deferred until after the jury first determines liability.

We stayed the trial court's order and requested briefing. After consideration of the petition, USAA's informal opposition, and the Byerses' reply, we determined that writ review is warranted because the Byerses

4

asserted that compliance with the order would violate a privilege or privacy rights and the petition raises "questions of first impression that are of general importance to the trial courts and to the profession, and where general guidelines can be laid down for future cases." (*Oceanside Union School Dist. v. Superior Court* (1962) 58 Cal.2d 180, 185–186, fn. 4; *Sav-On Drugs, Inc. v. Superior Court* (1975) 15 Cal.3d 1, 5; *Roberts v. Superior Court* (1973) 9 Cal.3d 330, 336.) We issued an order to show cause why the requested relief should not be granted. USAA filed a return to the order to show cause, and the Byerses filed a reply.

## DISCUSSION

### I.    *Legal Principles*

In *Brandt*, the California Supreme Court created an exception to the general rule that each party must ordinarily bear its own attorney fees. (*Brandt, supra*, 37 Cal.3d at p. 817; *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 806 (*Cassim*).) Under *Brandt*, an insurer is liable for attorney fees when the insurer's tortious conduct in refusing to pay insurance benefits requires the insured to retain an attorney to obtain the benefits of the policy. "The attorney's fees are an economic loss—damages—proximately caused by the tort," similar to recovery of medical fees as damages in a personal injury action. (*Brandt*, at p. 817.)

"In order to recover such *Brandt* fees . . . , the insured is required to plead and prove (1) the amount to which [*sic*] the insured was entitled to recover under the policy, (2) that the insurer withheld payment unreasonably or without proper cause, (3) the amount that the insured paid or incurred in legal fees and expenses in establishing the insured's right to contract benefits and (4) the reasonableness of the fees and expenses so incurred.  [Fn.

5

omitted.]" (*Jordan v. Allstate Ins. Co.* (2007) 148 Cal.App.4th 1062, 1079 (*Jordan*).)

"Since the attorney's fees are recoverable as damages, the determination of the recoverable fees must be made by the trier of fact unless the parties stipulate otherwise. [Citation.] A stipulation for a postjudgment allocation and award by the trial court would normally be preferable since the determination then would be made after completion of the legal services [citation], and proof that otherwise would have been presented to the jury could be simplified because of the court's expertise in evaluating legal services. [Citations.] If, however, the matter is to be presented to the jury, the court should instruct along the following lines: 'If you find (1) that the plaintiff is entitled to recover on his cause of action for breach of the implied covenant of good faith and fair dealing, and (2) that because of such breach it was reasonably necessary for the plaintiff to employ the services of an attorney to collect the benefits due under the policy, then and only then is the plaintiff entitled to an award for attorney's fees incurred to obtain the policy benefits, which award must not include attorney's fees incurred to recover any other portion of the verdict.' [Fns. omitted.]" (*Brandt, supra*, 37 Cal.3d at pp. 819–820; see CACI No. 2350.)

## II. *Trial court did not abuse its discretion by ordering production of attorney fees documents.*

The Byerses assert several interrelated arguments. They contend that the trial court abused its discretion by forcing them to waive the attorney–client privilege during litigation as a condition of seeking *Brandt* fees. Similarly, they argue that the trial court abused its discretion by forcing an election of remedies. They contend that production of evidence to support their *Brandt* fees claim should be deferred until after the jury first determines liability. We find their arguments to be without merit.

6

First, we disagree that the trial court "forced" the Byerses to waive the attorney–client privilege or to elect a remedy. The Byerses' operative complaint alleges breach of the covenant of good faith and fair dealing, and their prayer for relief includes "attorneys' fees . . . ." More significantly, the Byerses' interrogatory response specifically states they "are entitled to *Brandt* fees, as an element of damages caused by USAA wrongfully withholding benefits owing under its policies, including attorneys' fees and other the [*sic*] prelitigation expenses incurred in the Byers' attempts to obtain the benefits owing to them under the policies issue by USAA." Thus, the trial court's finding that the "Byers admit that they are seeking recovery of attorneys' fees as an element of damages in their cause of action for bad faith" is well supported by the record.

The Byerses' reply to USAA's informal opposition asserts that they did not "elect[]" to seek *Brandt* fees and that their interrogatory response only states an " 'entitlement' " to such fees. They further state that the trial court's order finding a waiver of attorney–client privilege is erroneous because they did not specifically plead *Brandt* fees.[3] While it is true that the Byerses' causes of action for breach of contract and breach of the covenant of good faith and fair dealing does not specifically reference *Brandt* fees, their prayer for relief includes a general reference to attorney fees. USAA properly propounded discovery in order to determine whether the Byerses were in fact seeking *Brandt* fees as an element of damages. The Byerses' interrogatory response makes clear that they plan to seek *Brandt* fees. The Byerses may

---

[3] As discussed further *post*, the Byerses appear to agree that when a party seeks *Brandt* fees, it must make a "limited waiver" of the attorney–client privilege for the purpose of deciding the issue of *Brandt* fees. However, they claim they are entitled to delay production of otherwise privileged documents supporting a claim for *Brandt* fees.

supplement their response to unequivocally state that they are not seeking *Brandt* fees. However, they cannot simultaneously assert entitlement to *Brandt* fees and then claim they have not "elected" to seek such fees and therefore are not required to provide discovery regarding the amount of such fees. (See *Juarez v. Boy Scouts of America, Inc.* (2000) 81 Cal.App.4th 377, 389 [" 'An important aspect of legitimate discovery from a defendant's point of view is the ascertainment, in advance of trial, of the specific components of plaintiff's case so that appropriate preparations can be made to meet them. It is impossible to discover this other than from the plaintiff' "], disapproved on other grounds in *Brown v. USA Taekwondo* (2021) 11 Cal.5th 204, 222, fn. 9.)

Second, we find that the Byerses' admission that they are seeking *Brandt* fees as an element of their damages is an implied waiver of the attorney–client privilege at least as to the attorney fees documents that the Byerses plan to rely upon to seek to prove the amount of fees they reasonably incurred to establish their right to benefits under USAA's insurance policy. (*Jordan, supra*, 148 Cal.App.4th at p. 1079.) The parties have not cited, nor are we aware of, any controlling authority specifically holding that a party claiming *Brandt* fees impliedly waives the attorney–client privilege as to documentation supporting the fees, including fees agreements and invoices. However, it is well established in other contexts that "[w]here privileged information goes to the heart of the claim, fundamental fairness requires that it be disclosed for the litigation to proceed." (*Steiny & Co. v. California Electric Supply Co.* (2000) 79 Cal.App.4th 285, 289–292 [affirming trial court order excluding evidence of damages where litigant invoked trade secret privilege to prevent discovery of detailed information supporting damage claim]; *Xebec Development Partners, Ltd. v. National Union Fire Ins. Co.*

8

(1993) 12 Cal.App.4th 501, 567–569 ["A party who asserts a privilege as to evidence essential to some element of his or her case will usually be obligated as a practical matter to forsake that element; his or her decision to do so will have been a necessary part of the decision to assert the privilege"], disapproved on another ground in *Essex Ins. Co. v. Five Star Dye House, Inc.* (2006) 38 Cal.4th 1252, 1265, fn. 4; *Merritt v. Superior Court* (1970) 9 Cal.App.3d 721, 730 [plaintiff impliedly waived attorney–client privilege by specifically putting at issue his attorney's state of mind]; *Transamerica Title Ins. Co. v. Superior Court* (1987) 188 Cal.App.3d 1047, 1052 ["The [attorney–client] privilege may also be impliedly waived where a party to a lawsuit places into issue a matter that is normally privileged"].)

As *Brandt* explains: "When an insurer's tortious conduct reasonably compels the insured to retain an attorney to obtain the benefits due under a policy, it follows that the insurer should be liable in a tort action for that expense. The attorney's fees are an economic loss—damages—proximately caused by the tort. [Citation.] These fees must be distinguished from recovery of attorney's fees *qua* attorney's fees, such as those attributable to the bringing of the bad faith action itself." (*Brandt, supra*, 37 Cal.3d at p. 817.) "[A]s in any tort case, the plaintiff bears the burden of proving by a preponderance of the evidence both the existence and the amount of damages proximately caused by the defendant's tortious acts or omissions." (*Cassim, supra*, 33 Cal.4th at p. 813.) In addition, "[s]ince the attorney's fees are recoverable as damages, the determination of recoverable fees must be made by the trier of fact unless the parties stipulate otherwise." (*Brandt*, at p. 819.)

We agree with the trial court that USAA has a right to learn during discovery of the attorney fees aspect of the Byerses' alleged damages and that

9

by seeking such damages the Byerses have impliedly waived the attorney–client privilege. The Byerses have put at issue the attorney fees they incurred in an effort to seek coverage under their insurance policy, and disclosure of documents supporting their claim for such fees is necessary to fairly adjudicate the issue of damages. (*Steiny & Co. v. California Electric Supply Co., supra*, 79 Cal.App.4th at p. 292; see *R & R Sails v. Insurance Co. of Pa.* (9th Cir. 2012) 673 F.3d 1240, 1246–1247 [party seeking *Brandt* fees is required to make attorney fees invoices available for inspection under Fed. Rules Civ.Proc., rule 26].)

The Byerses appear to agree that production of documents responsive to USAA's discovery requests is warranted after the jury has first determined USAA's bad faith liability, at which point they assert there will be a "limited waiver" of the attorney–client privilege for the purpose of deciding the issue of *Brandt* fees. Their concern appears to be not that the pursuit of *Brandt* fees results in an implied waiver of the attorney–client privilege as to documents they will rely upon to prove their damages but, rather, the timing of production of such documents. The Byerses ask that we advise trial courts to defer discovery of attorney fees invoices and fee agreements until after the jury's verdict on bad faith liability. They contend that the trial court has the authority to establish such an order of proceedings and that it would promote fairness and prevent insurers from gaining a tactical advantage by accessing the attorney fees documents prior to a verdict on liability. According to the Byerses, such a bifurcated procedure would result in an overall reduction in the duration of trials.[4]

---

[4] The Byerses also argue that another alternative is for the parties to stipulate to submit the issue of *Brandt* fees to the trial court for decision following the jury's verdict on liability. The Byerses state such stipulations were "recommended in *Brandt*." *Brandt* states: "A stipulation for a

10

We decline to find that in every case where a party seeks *Brandt* fees, discovery and trial of the amount of recoverable fees as damages must be bifurcated from the issue of bad faith liability. The Byerses' petition contests the trial court's order granting USAA's motion to compel production of documents. As the trial court observed at the hearing on USAA's motion to compel, the Byerses did not file a motion to bifurcate. Nor are we reviewing an order denying a motion to bifurcate. We are not persuaded that a bifurcation procedure is necessary whenever *Brandt* fees are at issue.

The Byerses further argue that the trial court abused its discretion by ordering production of all documents responsive to USAA's requests, which include "each and every fee agreement with YOUR attorneys in the instant litigation" and "each and every billing record, fee statement, invoice, receipt and proof of payment from YOUR attorneys in the instant litigation." Under *Brandt*, only those attorney fees incurred to prove coverage under the insurance contract may be recovered as damages for the insurer's breach of the implied covenant of good faith and fair dealing. (*Brandt, supra*, 37 Cal.3d

---

postjudgment allocation and award by the trial court would normally be preferable since the determination then would be made after completion of the legal services [citation], and proof that otherwise would have been presented to the jury could be simplified because of the court's expertise in evaluating legal services." (*Brandt, supra*, 37 Cal.3d at pp. 819–820.) However, immediately preceding this statement, *Brandt* states: "Since the attorney's fees are recoverable as damages, the determination of the recoverable fees must be made by the trier of fact unless the parties stipulate otherwise." (*Brandt*, at p. 819.) *Brandt* then explains how the trial court should instruct the jury on the issue in cases in which the jury will decide the issue. (*Brandt*, at p. 820.) It is clear from this discussion that barring a stipulation of the parties the jury must decide the issue of *Brandt* fees because they are an element of damages and the jury must be presented proof of such fees. USAA has not stipulated, and states it will not stipulate, to any postjudgment allocation of fees by the trial court.

11

at pp. 819–820.) Fees attributable to obtaining any other portion of the verdict are not recoverable as damages. (*Ibid.*) The Byerses argue that the implied waiver of attorney–client privilege based upon a claim for *Brandt* fees extends only to those fees recoverable under *Brandt*, i.e., amounts incurred to obtain payment under the insurance policy. (*Brandt*, at p. 819.) We agree. However, we find no abuse of discretion at this stage in the proceeding because the trial court's order explicitly permits the Byerses to redact the responsive documents. The Byerses may redact entries that are not recoverable as *Brandt* fees because such fees were not incurred to obtain payment under the insurance policy and, therefore, they are not evidence of the Byerses' damages. Nor have the Byerses waived any privileges with respect to records of fees incurred to pursue claims against USAA other than to prove coverage under the policy.

The Byerses next contend that the trial court abused its discretion by failing to address their claim that the discovery responses were presented in an improper form because they present a conditional inquiry by asking for production "[i]f YOU are claiming attorney's fees . . . ." The parties and the trial court focused on the privilege issues, which were the primary issues addressed in the parties' moving and opposition papers, at the hearing. The trial court's order that the Byerses produce responsive documents implicitly overruled the Byerses' additional objections based on improper form. The Byerses have not established any abuse of discretion.

III. *Order's reference to possible in camera review of redacted entries was not an abuse of discretion.*

The Byerses claim that the trial court abused its discretion by ordering an in camera review of attorney invoices. Their argument overstates what the trial court actually ordered and is premature given the current stage of the proceedings.

12

The relevant portion of the order states: "Byers' counsel may redact the documents to remove references that counsel believes reflect attorney work product, i.e., information that may give an indication of counsel's impressions, conclusions, opinions, or legal research or theories, or as to consultants or expert witnesses for which the attorney work product doctrine has not been waived by Byers' counsel. [¶] . . . [¶] USAA GIC may challenge the redactions made by counsel for Byers, and such redactions will be evaluated by the Court in an *in camera* hearing."

The Byerses have not yet produced any responsive documents, and it is unknown the extent to which they may redact any responsive documents and whether USAA will seek to challenge the redactions. Thus, the trial court's order regarding in camera review is conditioned upon redactions and subsequent challenges to the redactions. Given the undeveloped record, the issue framed by the Byerses is speculative and premature. Further, the issue of the propriety of conducting an in camera review of potentially redacted documents and the proper scope of such a review was not presented to the trial court. When the trial court made its ruling at the hearing on USAA's motion to compel, it mentioned the possibility of conducting an in camera review at some point in the future and neither party raised any objections to such a proceeding. If the Byerses produce redacted documents in response to USAA's document requests and if USAA challenges any redactions, the parties may then present their positions to the trial court regarding whether, and to what extent, it may review the redacted material in camera.

## DISPOSITION

The petition for writ of mandate/prohibition is denied. The stay previously issued by this court is vacated and shall dissolve upon issuance of

the remittitur.  (Cal. Rules of Court, rule 8.490(d).)  USAA is entitled to its costs in this writ proceeding.  (Cal. Rules of Court, rule 8.493(a)(1)(A).)



Jackson, P. J.


WE CONCUR:

Simons, J.
Burns, J.

<u>A169321/Byers v. Superior Court</u>

Trial Court:         Superior Court of the County of Contra Costa

Trial Judge:        Danielle Douglas

Counsel:            GinnLaw and David W. Ginn for Petitioners.

                     No appearance for Respondent.

                     DKM Law Group, Joshua N. Kastan, Melissa L. O'Connor, and Keri L. Salet, for Real Party in Interest USAA General Indemnity Company.