NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT KASEBURG; KATHRYN KASEBURG; MARTIN FEDIGAN; BARBARA BERGSTROM; KIM KAISER; PAMELA KAISER; DAVID KOMENDAT; KELLI KOMENDAT; WILLIAM BLOKKER; SUSAN BLOKKER; DAVID MCCRAY; SALLY MCCRAY; JOHN LORGE III; NANCY LORGE; JOHN HOWELL; MOLLY HOWELL; DARIUS RICHARDS; VICKI RICHARDS; GEORGE JOHNSTON; NANCY JOHNSTON; GREGORY PIANTANIDA; SHERRE PIANTANIDA; PAUL FERGEN; CHRISTINE FREGEN; KEVIN IDEN; TOM EASTON; KAREN EASTON; PAUL PASQUIER; KARYN PASQUIER; JOHN HOUTZ; TERENCE BLOCK; KARI BLOCK; LARRY KOLESAR; SUSAN KOLESAR; JOHN LAUGHLIN; REBECCA LAUGHLIN; JEFFREY RILEY; TAMI RILEY; NANCY MANZ; DONALD DANA; PATRICIA DANA; CHRISTIE MUELLER; DENISE HARRIS; WALTER MOORE; TOM DAHLBY; KATHY DAHLBY; HARRY DURSCH; KIRSTEN LEMKE; RICHARD VAUGHN; RICHARD S. HOWELL; LOIS HOWELL; DONALD LOCKNER; PATRICIA LOCKNER; MARJORIE GRUNDHAUS; WILLIAM KEPPLER; DEBRA KEPPLER; | No. 16-35768<br><br>D.C. No. 2:14-cv-00784-JCC<br><br>MEMORANDUM* |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

CURTIS DICKERSON; JULIE DICKERSON; GREGORY LASEK; PATRICIA LASEK; YONGTAO CHEN; QIN LI; ROBERT TAYLOR; ALISON TAYLOR; EDMUND JONES; DONALD MILLER; SUSAN MINER; RONALD JONES; CAROL JONES; STEVE SMOLINSKE; SHERRI SMOLINSKE; JOSEPH IOPPOLO; RICHARD KANER; LYNN KANER; BRADLEY R. ELFERS; BREGORY P. ELFERS; PAUL REMINGTON; JOHN BURROUGHS; BRUCE ERIKSON; MARY ERIKSON; TIMOTHY RILEY; VIRGINIA RILEY; JAMES SATHER; KELLY SATHER; JULIAN LIMITED PARTNERSHIP; STEVEN BRACE; KRISTEN BRACE; CHARLES BILLOW; COURTNI BILLOW; HAROLD A. BRUCE; PIERRE THIRY; CRISTI THIRY; MICHAEL FRANCESHINA; MICHAEL OLDHAM; GINA OLDHAM; STEPHEN PORTER; NANCY PORTER; ROBERT LARIS; JANIS LARIS; MICHAEL RUSSELL; ELANA RUSSELL; UMA SHENOY; LARRY PETERSON; SUSAN PETERSON; JOSEPH PETERSON; KRISTIN PETERSON; JOHN PATRICK HEILY; SUNDAY KYRKOS; PAUL GIBBONS; TRACY GIBBONS; DAYTON DENNISON; MARILYNN DENNISON; GREGORY NICK; DIVERSITY ASSETS LLC; JAMES JOHNSON; DAVID WILLIAMSON; KRISTI SUNDERLAND; CLAUDIA MANSFIELD; KEVIN LINDAHL; REBECCA LINDAHL; KEVIN TRAN; JEANNE DEMUND; KATHY HAGGART; DAWN LAWSON; MARLENE WINTER; JIE AO; XIN

2

ZHOU; PACIFIC HOLDINGS LLC;
JAMES TASCA; MICHAEL CHAN;
AMANDA CHAN; GARY WEIL; DALE
MITCHELL; MARLA MITCHELL;
FREDERICK MILLER; SUSAN MILLER;
PAMELA HUNT; GRETCHEN
CHAMBERS; ALWYN EUGENE GEISER;
DANIEL HAGGART; PAMELA
SCHAFER,

        Plaintiffs-Appellants,

 v.

PORT OF SEATTLE, a municipal
corporation; PUGET SOUND ENERGY
INC; COUNTY OF KING, a home rule
charter county; CENTRAL PUGET SOUND
REGIONAL TRANSIT AUTHORITY,

        Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted June 14, 2018
Seattle, Washington

Before: M. SMITH and WATFORD, Circuit Judges, and RAYES,** District Judge.

Plaintiffs-Appellants appeal the district court's grant of summary judgment to

Defendants-Appellees and order quieting title in King County. We have jurisdiction

---

**     The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

pursuant to 28 U.S.C. § 1291, and we affirm.

As the facts and procedural history are familiar to the parties, we do not recite them here.

1. We have jurisdiction over this appeal. Plaintiffs-Appellants argue that their "claims to rights in the property undeniably arise out of state law, and since no defense raised by any of the [Defendants-Appellees] is a proper basis for subject matter jurisdiction, there is no federal question subject matter jurisdiction in this case." However, for the reasons outlined in greater depth in our opinion issued contemporaneously, *see Hornish v. King County*, No. 16-35486, we reject this contention. Our jurisdiction is proper because Plaintiffs-Appellants' state-law claims "'necessarily raise[] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance' of federal and state power." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1570 (2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

2. Plaintiffs-Appellants lack both Article III and statutory standing to bring their quiet title claim, pursuant to Revised Code of Washington section 7.28.010, and declaratory judgment claim, pursuant to Revised Code of Washington section 7.24.020. Plaintiffs-Appellants lack property interests in the portions of the Eastside Rail Corridor that are adjacent to their properties because the Kittinger and Lake

4

Washington Land Company October 8, 1903 deeds apply to the disputed parcels and conveyed rights of way in fee simple, and the state of Washington holds the reversionary interest to the property acquired through the condemnation of certain submerged shorelands on February 8, 1904. The centerline presumption does not apply because Plaintiffs-Appellants failed to introduce chains of title and "[a] property owner receives no interest in a railroad right of way simply through ownership of abutting land." *Roeder Co. v. Burlington Northern, Inc.*, 716 P.2d 855, 862 (Wash. 1986); *see also Sammamish Homeowners v. County of King*, No. C15-284 MJP, 2015 WL 3561533, at *3 (W.D. Wash. June 5, 2015) (dismissing case for lack of standing because plaintiffs failed to introduce chains of title, and rejecting plaintiffs' invocation of *Kershaw*, as it "involve[d] a clear generation-to-generation chain of title (the kind of 'proof of chain of title' that *Roeder* requires)").

3.      The district court properly granted summary judgment to and quieted title in King County. Plaintiffs-Appellants argue that

> [r]ailbanking does not preserve the railroad purposes easement for current railroad uses, and King County and the other Defendants do not currently hold or own BNSF's railroad purposes easement. King County only possesses a railbanked/hiking and biking trail easement and cannot use the corridor as if the railroad purposes easement currently exists, including any purported incidental uses.

We disagree. Again for the reasons we have outlined in greater depth in our opinion issued contemporaneously, *see Hornish v. King County*, No. 16-35486, we hold that

5

the Trails Act prevented abandonment of the railroad easement in the event of trail use—a use outside of those necessary for railroad purposes—and thereby preserved the original railroad easement. This in effect also created a new easement for a new use—for recreational trail use. Thus, Defendants-Appellees now have two easements: (1) the easement for railroad purposes, which they never abandoned (because of the Trails Act) and therefore retain and (2) the new easement for recreational trail purposes. *See, e.g.*, *Trevarton v. South Dakota*, 817 F.3d 1081, 1087 (8th Cir. 2016); *Preseault v. United States*, 100 F.3d 1525, 1550 (Fed. Cir. 1996) (en banc). Defendants-Appellees therefore *can* "use the corridor as if the railroad purposes easement currently exists," including for any incidental uses allowed under Washington law,[1] because that easement *does* exist. *See Washington Sec. & Inv. Corp. v. Horse Heaven Heights, Inc.*, 130 P.3d 880, 886 (Wash. Ct. App. 2006); *Kershaw Sunnyside Ranches, Inc. v. Yakima Interurban Lines Ass'n*, 91 P.3d

---

[1] The parties disputed below whether the running of an electric-powered passenger railroad and granting of utility easements were incidental uses permitted by Washington law. The district court held that they were. On appeal, Plaintiffs-Appellants have not disputed this holding, and so we do not consider the issue. We "review only issues which are argued specifically and distinctly in a party's opening brief." *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994); *see also Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1164 n.4 (9th Cir. 2014) (holding that where an issue is mentioned without legal argument, the issue is neither specifically nor distinctly argued and thus not subject to review).

104, 115 (Wash. Ct. App. 2004), *aff'd in part, rev'd in part on other grounds*, 126 P.3d 16 (Wash. 2006).

4.     Finally, we hold that the district court did not abuse its discretion in sanctioning Plaintiffs-Appellants.  Federal Rule of Civil Procedure 37 afforded the district court discretion to "issue further just orders," including orders prohibiting the introduction of designated matters in evidence.  Fed. R. Civ. P. 37(b)(2)(A).  The district court exercised this discretion appropriately, after considering "whether the claimed noncompliance involved willfulness, fault, or bad faith, and also to consider the availability of lesser sanctions." *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012) (citations omitted).  The court had already employed a lesser sanction for Plaintiffs-Appellants' noncompliance—granting Defendants-Appellees' motion to compel—which failed to effect production of the chains of title.  The district court noted that this was "the second time Plaintiffs ha[d] relied on evidence that they failed to disclose to King County upon its request."  Indeed, as of the adjudication of the Defendants-Appellees' motion for summary judgment, there were no lesser sanctions available.  The sanction imposed *was* a lesser sanction; Defendants-Appellees were seeking entry of summary judgment in King County's favor.  And the district court properly determined that the sanction was justified because Plaintiffs-Appellants' noncompliance was not harmless.

**AFFIRMED.**

7