**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 9 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBBIE SILVIA, on her own behalf and in the interest of the general public,<br><br>       Plaintiff-Appellant,<br><br>  v.<br><br>MCI COMMUNICATIONS SERVICES, INC.; et al.,<br><br>       Defendants-Appellees. | No.   18-15601<br><br>D.C. No. 3:15-cv-04677-JSC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Argued and Submitted October 22, 2019
San Francisco, California

Before: WALLACE and MURGUIA, Circuit Judges, and LASNIK,** District Judge.

Debbie Silvia appeals from the district court's summary judgment in favor

of MCI Communications Services, Inc., Verizon Business Network Services, Inc.,

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     ** The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

and Engineering Associates, LLC (collectively, "Defendants") on Silvia's claims for prevailing wages under California law. "The California Prevailing Wage Law is a comprehensive statutory scheme designed to enforce minimum wage standards on construction projects funded in whole or in part with public funds." *Vector Res., Inc. v. Baker*, 237 Cal. App. 4th 46, 54 (2015) (internal quotation marks omitted). It requires that workers on "public works" contracts for "construction, alteration, demolition, installation, or repair work" that are publicly funded be paid "prevailing wages" for their work. Cal. Lab. Code §§ 1720, 1771. The wage rate an employer must pay is based on an employee's proper job classification. *Id.* §§ 1770, 1773. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review *de novo* a district court's summary judgment. *Edgerly v. City & Cty. of San Francisco*, 599 F.3d 946, 960 (9th Cir. 2010). We review a district court's discovery rulings, including the imposition of sanctions, for an abuse of discretion. *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1070 (9th Cir. 2016). District courts are afforded "particularly wide latitude" in issuing sanctions under Federal Rule of Civil Procedure 37(c)(1). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

The district court properly granted summary judgment on Silvia's claims for prevailing wages for performing work under the "Building/Construction Inspector and Field Soils and Material Tester" classification ("Inspector Theory") because

Silvia abandoned this theory in favor of a new theory that she performed "utility location work" within the "Field Surveyor or Laborer Group 3A" classification ("Locator Theory"). In her brief opposing Defendants' motions for summary judgment, Silvia focused exclusively on her Locator Theory, omitting any argument on her Inspector Theory. Moreover, at the hearing on Defendants' motions for summary judgment, Silvia acknowledged that she was no longer pursuing her Inspector Theory. Because Silvia abandoned her Inspector Theory at summary judgment, she cannot now revisit it on appeal. *See USA Petroleum Co. v. Atl. Richfield Co.*, 13 F.3d 1276, 1284 (9th Cir. 1994) ("It is a general rule that a party cannot revisit theories that it raises but abandons at summary judgment.") (collecting cases).

The district court also did not abuse its discretion when it precluded Silvia from raising her Locator Theory at such a late stage in the litigation. Under Federal Rule of Civil Procedure 26(e), Silvia was required to supplement or correct her disclosures and discovery responses "in a timely manner" once she learned that her disclosures and responses were incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A). A party's failure to comply with Rule 26(e) results in that party being precluded from "use [of] that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see Yeti by Molly, Ltd.*, 259 F.3d at 1106–07 (holding that

the burden to show substantial justification or harmlessness is on the party who made the late disclosure); *Benjamin v. B & H Educ., Inc.*, 877 F.3d 1139, 1150–51 (9th Cir. 2017) (holding that district court did not abuse its discretion in striking declarations because plaintiffs had not shown that failure to disclose was substantially justified or harmless). If a Rule 37 sanction operates as a dismissal of a claim, the district court is "required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith . . . and also to consider the availability of lesser sanctions." *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012) (citations omitted).

Until the summary judgment stage, Silvia had relied exclusively on her Inspector Theory to support her claim for prevailing wages. Silvia did not attempt to supplement her initial disclosures or interrogatory responses. This was so even after the district court issued a written order identifying and explaining her noncompliance with Rule 26, giving her an opportunity to supplement her disclosures and responses before summary judgment. Once the Locator Theory was excluded, Silvia was left without a viable theory entitling her to prevailing wages. Summary judgment followed from the exclusion of the untimely new theory, and the lack of record evidence supporting Silvia's long-asserted Inspector Theory.

In addition, the district court implicitly found Silvia was at fault for the noncompliance. The district court also gave Silvia an opportunity to argue why

4

sanctions were not appropriate and considered the possibility of less onerous alternatives before rejecting them. Silvia failed to demonstrate that her Rule 26 violation was substantially justified or harmless. Therefore, the district court properly granted summary judgment in favor of Defendants on Silvia's claims for prevailing wages based on her Locator Theory.

**AFFIRMED.**