**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>      Plaintiff-Appellee,<br><br>v.<br><br>SIDNEY B. DUNMORE, an individual; et al.,<br><br>      Defendants-Appellants. | No.   17-15911<br><br>D.C. No.<br>2:07-cv-02493-TLN-DB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted August 17, 2018[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BEA and CHRISTEN, Circuit Judges, and McLAUGHLIN,*** District Judge.

Defendants timely appeal the district court's grant of summary judgment in favor of Plaintiff Travelers Casualty and Surety Company of America (Travelers).[1] We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

1. Defendants allege that Travelers breached the covenant of good faith and fair dealing by failing to conduct a reasonable inquiry into the validity of the claims it paid. This contention is unavailing. Although "[i]t has long been recognized in California that '[t]here is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement[,]'" *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 400 (2000) (quoting *Comunale v. Traders & General Ins. Co.*, 50 Cal. 2d 654, 658 (1958)), the covenant does not "prohibit a party from doing that which is expressly permitted by an agreement[,]" *Carma Developers, Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 374 (1992). The Indemnity Agreement expressly conferred on Travelers the right to handle claims "in its sole discretion" and made its decisions "final, binding, and

---

*** The Honorable Mary A. McLaughlin, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

[1] As the parties are familiar with the facts, we do not recount them here.

conclusive upon the [Defendants]." Defendants "w[ere] free to accept or reject the bargain offered . . . ." *Third Story Music Inc. v. Waits*, 41 Cal. App. 4th 798, 809 (1995). And because the contract is not otherwise illusory, Defendants cannot now rely on the covenant of good faith and fair dealing to "amend the terms that [have] prove[n] unsatisfactory." *Id.*

2. Defendants also argue that the district court should not have considered the Connelly declaration. The district court has broad discretion in deciding whether to impose discovery sanctions, *R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1245 (9th Cir. 2012), and it did not abuse that discretion here. Connelly was not disclosed by name as a witness under Rule 26 or in responses to discovery. But as the district court noted, Connelly was listed in Travelers's initial disclosures as "personnel employed by Travelers;" Travelers's supplemental disclosure identified as potential witness "[p]ersons employed, retained, or contracted with Travelers . . . , including, but not limited to: Sam Barker [and] James Vicari;" and Barker subsequently left the employ of Travelers. Moreover, "since Defendants were provided with [the Connelly] declaration on January 6, 2014, [they] had plenty of time to depose [Connelly] before the scheduled May 22, 2014 hearing date on Plaintiff's motion for summary judgment." The district court

3

therefore did not err in concluding that Defendants suffered no prejudice from the introduction of the Connelly declaration.

**AFFIRMED.**