NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| RAYMOND NEWBERRY; PATRICIA MENDOZA; MARIA ABOYTIA; JUANA PULIDO; JESUS PULIDO; JONATHAN PULIDO; RICHARD GONZALEZ LOZADA; MELINDA MCNEAL; BERTHA LOZADA; MILDRED LYTWYNEC; NICHOLAS LYTWYNEC; GLORIA BASUA; LIZBETH BANUELOS; CARLOS OCHOA, and Others Similarly Situated,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, in its individual capacity and its official capacity; TRACY MORENO, in his/her Individual Capacity and Official Capacity; WILLIAM BROWN, in his Individual Capacity and Official Capacity; JENNY ROSE PACINI, in her Individual Capacity and Official Capacity,<br><br>Defendants-Appellees. | No.   16-55466<br><br>D.C. No. 5:14-cv-02298-JGB-SP<br><br>MEMORANDUM* |

Appeal from the United States District Court

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted December 5, 2017
Pasadena, California

Before: TASHIMA and BERZON, Circuit Judges, and KENNELLY,[**] District Judge.

The plaintiffs-appellants in this case are a subset of residents at a San Bernardino apartment complex who maintain that their homes were unlawfully searched for municipal code violations by officers of the County of San Bernardino ("the County"). The plaintiffs contend that the code enforcement action at their homes was a pretext for a criminal search for which the County lacked probable cause. The plaintiffs contend also that, even if an administrative search for code violations was appropriate, the administrative search warrant executed at their homes authorized a greater intrusion than justified under the circumstances. In particular, the plaintiffs object to the warrant being issued and executed without advance notice, and they object to the warrant authorizing entry into residents' homes by force and without the residents' presence.

In their operative complaint, the plaintiffs brought class-action claims for violation of their Fourth Amendment rights. *See* 42 U.S.C. § 1983. The district

---

[**] The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

2

court granted summary judgment for the defendants, reasoning that the County officers reasonably relied on a facially valid warrant.  The plaintiffs appeal the grant of summary judgment to the defendants, the denial of class certification, and the denial of terminating sanctions for an alleged discovery violation.

We review the grant of summary judgment de novo.  *Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir. 2000).  We affirm, albeit on somewhat different reasoning than the district court.

1.      The uncontested record reflects that the Edgehill search was initiated, coordinated, and for the most part conducted by officers of the *City* of San Bernardino, not officers of the County.  Three County officers participated in the Edgehill search.  Of those, only one had any interaction at all with a named plaintiff:  According to plaintiff Juana Pulido, she and other members of her household encountered County Probation Officer William Brown while waiting outside their apartment.  Brown requested identification, and Pulido and the other members of her household provided it. On the evidence in the record, the interaction went no further.  Pulido does not allege that Brown had any direct relationship to the search of her home.  Nor, for that matter, does she offer any hint that the encounter with Brown was not voluntary, or that those speaking to Brown did not feel free to leave or to refuse to respond to his inquiry.  Accordingly, on the record available to the district court on summary judgment, no evidence existed

3

that any County officer, including Brown, unlawfully searched or seized a plaintiff in this case.

2. The plaintiffs argue that County officers were integral participants in the searches conducted by their City partners, such that they may be deemed liable for searches of the named plaintiffs' homes. "Integral participant" liability does not require a showing that an officer's actions played a direct role in the occurrence of a constitutional violation. *See Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004) (citing *Melear v. Spears*, 862 F.2d 1177, 1186 (5th Cir. 1989)). It is necessary only that the officer be knowingly and actively involved — for example, "privy to any discussions, briefings, or collective decisions" and party to "a collective decisionmaking process." *Sjurset v. Button*, 810 F.3d 609, 619 (9th Cir. 2015); *see also Boyd*, 374 F.3d at 780.

Here, however, the record reflects that the defendants were participants only in the searches for which County officers were physically present. The County and its officers played no role in planning the Edgehill search generally. They played no role in securing the warrant. And except as passive observers, they played no role in the operational briefing held on the morning the warrant was executed. County officers were assigned their roles in the Edgehill search. At most, then, the only conduct that can be imputed to the defendants under *Boyd* is the conduct of their team members during the search — those with whom the County officers

4

collaborated in deciding whether or how to search individual apartments. That conduct that does not extend the defendants' liability to additional apartments or to additional plaintiffs.[1]

3. The foregoing reasoning also disposes of the plaintiffs' *Monell* claims against the County. A constitutional violation is a prerequisite to a *Monell* claim. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). As no County officer violated the Fourth Amendment rights of a named plaintiff, no named plaintiff has a *Monell* claim against the County.[2]

Because we affirm the grant of summary judgment to the defendants on the merits, we do not address the district court's order denying class certification. *See Stockwell v. City & County of San Francisco*, 749 F.3d 1107, 1113 (9th Cir. 2014).

---

[1] In their opening brief, the plaintiffs allude in passing to the possibility of conspiracy liability under section 1983. But the plaintiffs make no specific argument against the district court's grant of summary judgment to the defendants on that theory of liability. The issue is therefore forfeited. *See Balser v. Dep't of Justice*, 327 F.3d 903, 911 (9th Cir. 2003).

[2] Our reasoning is limited to the mismatch between the named plaintiffs and the named defendants in this case. We do not adopt the district court's conclusion that the County officers reasonably relied on a facially valid warrant. In addition, we note that reasonable reliance on a warrant is an affirmative defense to Fourth Amendment liability premised on the objective reasonableness of officers' conduct; it does not, as the district court appeared to suggest, foreclose the possibility of a Fourth Amendment violation, which is premised on the reasonableness, in Fourth Amendment terms, of the search to which a person was subject. *See Palmerin v. City of Riverside*, 794 F.2d 1409, 1415 (9th Cir. 1986) (observing that an officer's good faith serves as a defense to that officer's liability, but does not prevent *Monell* liability for the underlying constitutional violation).

4.     We review for abuse of discretion the district court's decision not to impose sanctions under Federal Rule of Civil Procedure 37(e). *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1245 (9th Cir. 2012). We affirm.

Rule 37(e) sanctions are available when "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and [the information] cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). Two categories of sanctions exist. First, where the district court finds that the loss of information has prejudiced the moving party, the district court may order "measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Second, where the district court finds that the offending party "acted with the intent to deprive another party of the information's use in the litigation," the district court may require an adverse evidentiary presumption, dismiss the case, or enter default judgment. Fed. R. Civ. P. 37(e)(2).

The parties framed the sanctions issue as invoking the district court's inherent authority. However, at the time the sanctions motion was filed, sanctions were governed by the current version of Rule 37(e). Rule 37(e) "specifies measures a court may employ if [electronically stored] information that should have been preserved is lost" — including terminating sanctions — "and specifies the findings necessary to justify these measures." Fed. R. Civ. P. 37 Advisory

6

Committee Notes to the 2015 Amendment.  The detailed language of Rule 37(e) "therefore foreclose[d] reliance on inherent authority" to determine whether terminating sanctions were appropriate.  *Id.*

The district court did not abuse its discretion in concluding that sanctions were not warranted under either subsection of Rule 37(e).  The plaintiffs maintain that the County destroyed emails between Rohleder and Moreno that might have demonstrated that County officers were more closely involved in planning the Edgehill search than they admitted.  But the district court reasonably concluded that the missing emails caused no prejudice to the plaintiffs, as the existing record adequately demonstrated that the County officers played only a minor role in the search, the details of which they learned on the day it occurred.  Furthermore, the district court properly exercised its discretion in finding spoliation unlikely in this case, and terminating sanctions unjustified, given the relative insignificance of any gap in the County's production.

**AFFIRMED.**