NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 15 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PETER SZANTO,

        Plaintiff-Appellant,

  v.

U.S. TRUSTEE'S OFFICE, *et al.*,

        Defendants-Appellees.

No.   20-36086

D.C. No. 3:18-cv-00939-SI

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted February 15, 2024**

Before:  O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Peter Szanto appeals pro se from the district court's order affirming the

bankruptcy court's order dismissing Szanto's claims against JPMorgan Chase Bank,

N.A. and Bank of America, N.A. in an adversarial proceeding. We have jurisdiction

under 28 U.S.C. § 158(d). We review de novo the district court's decision on appeal

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

from the bankruptcy court and apply the same standards of review applied by the district court.[1] *In re Thorpe Insulation Co.*, 677 F.3d 869, 879 (9th Cir. 2012). We affirm.

The bankruptcy court did not abuse its discretion by denying Szanto's motion to add an indispensable party, because the supposed indispensability of the party in question was based on a theory of fraud not supported by Oregon common law. *See In re Estate of Schwarz*, 206 Or. App. 20, 38-39, 135 P.3d 409, 422 (2006).

The bankruptcy court did not cause actual and substantial prejudice to Szanto by denying his two motions to compel against Bank of America, N.A. The denial of the first motion to compel did not result actual and substantial prejudice, because the bankruptcy court made that denial contingent on Bank of America, N.A. producing the requested material to Szanto within 14 days. The denial of the second motion to compel did not result actual and substantial prejudice, because the district court reasonably found that Szanto's interrogatory served no legitimate purpose, and instead sought irrelevant or redundant information.

The denial of terminal sanctions was not an abuse of discretion, because Bank of America, N.A. made good faith efforts to comply to with the court's earlier order, and did not demonstrate willfulness, fault, or bad faith. *See R & R Sails, Inc. v. Ins.*

---

[1] With one exception: We review the bankruptcy court's denials of Szanto's two motions to compel under the standard of actual and substantial prejudice, rather than the abuse of discretion standard applied by the district court.

*Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012); *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019).

The bankruptcy court did not abuse its discretion by denying Szanto's motions for disqualification of the bankruptcy judge. We reject as unsupported by the record Szanto's contentions concerning bias of the bankruptcy judge or that the judge's impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**