**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BWP MEDIA USA INC., DBA Pacific Coast News, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> URBANITY, LLC., <br><br> Defendant, <br><br> and <br><br> RICH KIDS CLOTHING COMPANY, LLC., <br><br> Defendant-Appellee. | No. 15-35150 <br><br> D.C. No. 2:13-cv-01975-MAT <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted June 15, 2017[**]
Seattle, Washington

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: BYBEE, M. SMITH, and CHRISTEN, Circuit Judges.

Plaintiff-appellant BWP Media USA Inc. (BWP) appeals the district court's order excluding evidence as a sanction for violating Federal Rule of Civil Procedure 26 and granting summary judgment in favor of defendant-appellee Rich Kids Clothing Company, LLC (Rich Kids). We review for abuse of discretion the district court's rulings concerning discovery, including the imposition of discovery sanctions. *See R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1245 (9th Cir. 2012). We review de novo questions of law, including interpretation of the Federal Rules of Civil Procedure, *see Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003), and the grant of summary judgment, *see Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Rule 26(a)(1)(A)(ii) requires a party to, "without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). The rule does not require affirmative production of documents. *See R & R Sails*, 673 F.3d at 1246. The 1993 advisory committee's

2

note, however, states that "[i]f. . . only the description is provided, the other parties are expected to obtain the documents desired by proceeding under Rule 34 or through *informal* requests." Fed. R. Civ. P. 26, advisory committee's note to 1993 amends. (emphasis added). Rule 26(e)(1)(A) also provides that a party "must supplement or correct" its initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Rich Kids' responses to BWP's discovery requests put BWP on notice that Rich Kids understood the initial disclosures to refer only to the exhibits attached to the complaint. Rich Kids also notified BWP via email that it would file a formal request for production if relevant documents existed other than those attached to the complaint. BWP orally confirmed "that BWP intended to rely only on the documents submitted with its pleadings and had no other documents." The 1993 advisory committee's note indicates that in response to such an informal request, BWP should have produced the documents described in its initial disclosures if those documents differed from the exhibits attached to the complaint. At a minimum, Rich Kids' communications alerted BWP that, if it intended to rely on

3

evidence not attached to the complaint, its initial disclosures were incomplete and Rule 26(e) required a supplemental description of the relevant documents. The district court thus did not err in concluding that BWP violated Federal Rule of Civil Procedure 26 when it waited to produce or even reveal the existence of additional evidence supporting its claims until it filed its motion for summary judgment. *See R & R Sails*, 673 F.3d at 1246 (stating that the initial disclosure requirements are intended to "accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information" (quoting Fed. R. Civ. P. 26 advisory committee's note to 1993 amends.)). Because the district court properly concluded that BWP violated Rule 26, sanctions under Federal Rule of Civil Procedure 37(c) were appropriate. *See* Fed R. Civ. P. 37(c); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

2.    As a sanction for violating Rule 26, the district court precluded BWP from relying on the "screen grabs" of Rich Kids' website that were attached to BWP's motion for summary judgment. Without the screen grabs, BWP had no evidence that Rich Kids copied its photographs, as required to prove copyright infringement. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). If a "sanction amount[s] to dismissal of a claim, the district court [is] required to consider whether the claimed noncompliance involved willfulness,

fault, or bad faith . . . . and also to consider the availability of lesser sanctions."
*R & R Sails*, 673 F.3d at 1247.

In its ruling, the district court considered whether the discovery violation was willful or done in bad faith. It found that by withholding the screen grabs, BWP engaged in "gamesmanship" and "an attempt to impair [Rich Kids'] ability to marshal a timely defense to dispositive motions and to prepare for trial." The district court further found that lesser sanctions were "not a viable solution" because trial was set to start in four weeks. Having made these findings, the district court did not abuse its discretion by imposing the "harsh" sanction of evidence preclusion, tantamount to dismissing BWP's claims. *See Yeti by Molly*, 259 F.3d at 1106 (quoting *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir. 2001)).

3. BWP argues that even if the district court properly excluded the screen shot evidence, the declaration of its president, Paul Harris, raised an issue of fact that should have precluded summary judgment. Harris did not specify whether his statement that BWP's photographs were posted on Rich Kids' website was one of the facts with which he was "personally familiar" or a matter that he only "believe[d] . . . to be true" based on "a review of Plaintiff's file(s) in this case and discussions with other employees of Plaintiff." Such a vague, conclusory

5

declaration does not create a genuine issue of material fact at the summary judgment stage. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). The district court did not err when it held that Rich Kids was entitled to summary judgment as a matter of law.

Plaintiff-appellant shall bear costs on appeal.

**AFFIRMED.**