NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA ANGELICA CARBAJAL, AKA
Angie Carbajal,

Plaintiff - Appellee,

v.

HAYES MANAGEMENT SERVICES,
INC.; CHRIS HAYES,

Defendants - Appellants,

and

HAYES TAX & ACCOUNTING
SERVICES, INC.,

Defendant.

No. 24-2870

D.C. No.
4:19-cv-00287-BLW

MEMORANDUM*

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted March 31, 2025
Pasadena, California

Before: M. SMITH and VANDYKE, Circuit Judges, and MAGNUS-STINSON,
District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jane Magnus-Stinson, United States District Judge for

Petitioners Hayes Management Services, Inc. (HMS) and Chris Hayes (Hayes) appeal from a final judgment of the district court in favor of Maria Angelica Carbajal (Carbajal) following a jury trial, awarding damages, attorneys' fees, and costs. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts and background of this case, we provide only the information necessary to give context to our ruling. Carbajal worked at HMS, a company that provided tax preparation, payroll, and business consulting services. Carbajal complained regarding alleged sexual harassment and retaliation by Hayes, HMS's owner. She was ultimately terminated and sued HMS asserting various claims under Title VII of the Civil Rights Act of 1964 (Title VII), and the Idaho Human Rights Act (IHRA). Carbajal eventually added Hayes as a defendant under an alter ego theory after HMS sold all of its assets to Hayes Tax & Accounting Services, Inc. (Hayes Tax) during the pendency of the litigation. The district court denied HMS's motion for summary judgment related to the issue of whether HMS had the requisite number of employees to be subject to Title VII, denied a motion to dismiss Hayes for lack of personal jurisdiction, made numerous discovery- and evidentiary-related rulings, and sanctioned HMS and Hayes multiple times, before the case ultimately went to trial. The jury found in favor of Carbajal

_____

the Southern District of Indiana, sitting by designation.

2                                                                              24-2870

on all of her claims and the district court awarded her attorneys' fees and costs. HMS raises a hodgepodge of issues on appeal, all of which fail.[1]

1. HMS and Hayes first argue that the district court erred in denying summary judgment on the issue of whether HMS had the requisite number of employees to be subject to liability under Title VII because they had presented evidence that no employment contract existed with their seasonal tax employees and that attendance at tax preparation training sessions did not equate to employment. We generally would decline to review this issue because the denial of summary judgment was followed by a trial on the merits and HMS and Hayes do not raise an error of law. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014). But we note that, in any event, Carbajal presented evidence suggesting that the seasonal tax preparers and HMS had an employment contract even when they were not actively being paid, and the district court properly reviewed the facts in the light most favorable to Carbajal, found that a genuine issue of material fact existed, and properly denied summary judgment.

---

[1] Carbajal argues in her response brief that the appeal should be dismissed because HMS and Hayes did not properly prepare and cite to the record and because they mischaracterize the record and the proceedings below. We decline to dismiss the appeal on these grounds because we did not identify citation or record preparation errors in the material as it was ultimately presented, nor did we identify any consequential mischaracterizations of the record or the proceedings below.

24-2870

2.      HMS and Hayes next argue that the district court erred in sanctioning them for belatedly producing a tax preparation training class attendance sheet by deeming the numerosity element of Carbajal's Title VII claims proven.  HMS and Hayes characterize this as a "terminating sanction," but it was not.  Moreover, they make no effort to explain why the attendance sheet – which they knew was a key piece of evidence that Carbajal was relying on to prove Title VII's numerosity requirement – was not discovered sooner.  The district court properly set out the relevant facts, considered the factors set forth in *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (including whether a lesser sanction was appropriate), and exercised its discretion by deeming the numerosity requirement of Title VII proven for trial.  This was not an abuse of the district court's discretion.  *See BWP Media USA Inc. v. Urbanity, LLC*, 696 F. App'x 795, 797 (9th Cir. 2017) (sanction precluding party from presenting certain evidence at trial, which was "tantamount to dismissing [party's] claims," was not an abuse of discretion where district court found that party had "engaged in gamesmanship" and attempted to impair the other party's defense and where a lesser sanction was "not a viable solution") (quotations and citation omitted).

3.      Third, HMS and Hayes argue that the district court erred by imposing alter ego liability on Hayes and a constructive trust on the proceeds of the sale of HMS's assets to Hayes Tax as a sanction for discovery abuses and

misrepresentations. HMS and Hayes maintain that they did not withhold documents and that there was nothing nefarious about the sale of HMS's assets to Hayes Tax. The district court accurately set forth the relevant facts, again applied the *Anheuser-Busch* factors (including whether a sanction lesser than the terminating sanctions Carbajal sought was appropriate), and did not abuse its discretion in imposing alter ego liability on Hayes and a constructive trust on the proceeds of the sale of HMS's assets to Hayes Tax.

4.　Next, HMS and Hayes argue that the district court erred in denying HMS's motion to compel Carbajal to undergo a psychosexual examination. Defendants do not challenge the district court's finding that their discovery request and motion to compel were untimely and that they had failed to adequately meet and confer. *See* Fed. R. Civ. P. 37(a) (requiring parties to meet and confer in good faith before filing motions to compel). This is sufficient to justify affirming the district court's order. And in any event, evidence of Carbajal's sexual history (which HMS also requested in written discovery) was not relevant to the issue of whether she was offended by Hayes' conduct and would have been inadmissible under Fed. R. Evid. 412. The district court applied the correct analysis in denying HMS's motion to compel and did not abuse its discretion in doing so or in awarding Carbajal her attorneys' fees and costs in connection with the motion.

5.  HMS and Hayes next include in their "Issues Presented" whether the district court erred in admitting evidence of Hayes' prior conviction for sexual battery of a minor at trial. But HMS and Hayes do not discuss this issue in the "Argument" section of their brief, so they have forfeited the issue on appeal. "[A]n issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived." *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007) (quoting *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996)). Accordingly, we do not consider this issue.

6.  Sixth, HMS and Hayes argue that the district court erred in denying their motion in limine seeking to introduce evidence of an IHRC determination that there was no probable cause to find that Carbajal had been harassed or subjected to a hostile work environment. HMS and Hayes misapprehend caselaw holding that an IHRC determination that probable cause exists is *per se* admissible and, indeed, we have held that "an agency's determination that insufficient facts exist to continue an investigation is not *per se* admissible in the same manner as an agency's determination of probable cause." *Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1015 (9th Cir. 1999). The district court correctly recognized this distinction and found that any probative value in admitting the IHRC's determination of no probable cause was heavily outweighed by the substantial risk of prejudice to Carbajal. We

agree, and the district court did not abuse its discretion in denying HMS's and Hayes' motion in limine and excluding the IHRC's determination.

7. Next, HMS and Hayes argue that the district court erred in denying Hayes' motion to dismiss him for lack of personal jurisdiction. Carbajal added Hayes as a defendant in her Amended Complaint more than 90 days after she received her right-to-sue letter from the Equal Employment Opportunity Commission, and Hayes argues that the 90-day filing requirement is jurisdictional and applied to the claims against him. Title VII's 90-day requirement for filing suit is not jurisdictional, but is "a statute of limitations subject to equitable tolling in appropriate circumstances." *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1174 (9th Cir. 1986) *opinion amended on denial of reh'g*, 815 F.2d 570 (9th Cir. 1987). Moreover, Hayes misapprehends, or misrepresents, the nature of the claims against him which are based on alter ego liability, stem from his role in selling HMS's assets during the pendency of the litigation and then engaging in discovery misconduct, and are wholly unrelated to the nature of Carbajal's claims against HMS. They are not direct Title VII or IHRA claims and are not subject to the 90-day requirement for filing suit.

HMS and Hayes also argue in their reply brief, but not in their opening brief, that Hayes cannot be personally liable under Title VII, either directly or under an alter ego theory of liability. We do not consider this issue because arguments raised

for the first time in a reply brief are waived. *Barnes v. F.A.A.*, 865 F.3d 1266, 1271 n.3 (9th Cir. 2017).

8.      HMS and Hayes argue that the district court erred in confirming the jury's award of economic and punitive damages. During trial, the district court overruled HMS's and Hayes' objection to the admission of Carbajal's W-2s from her employer after she left her position at HMS, noting that the W-2s were being introduced to show that Carbajal mitigated her compensatory damages. At the close of evidence, HMS and Hayes made a Rule 50 motion arguing that Carbajal had not presented any evidence justifying an award of compensatory damages, which the district court denied. HMS and Hayes did not renew their Rule 50 motion after trial, and were required to do so in order to obtain appellate review. *See Ortiz v. Jordan*, 562 U.S. 180, 188–89 (2011). Consequently, we need not consider the issue.

In any event, the W-2s from HMS and from Carbajal's subsequent employer provided substantial evidence from which the jury could award compensatory damages. Because HMS's and Hayes' sole argument regarding the award of punitive damages is that the award of compensatory damages was not supported, we also find that the award of punitive damages was appropriate. There was nothing improper about the district court's confirmation of the jury's award of either compensatory or punitive damages.

9. Finally, HMS and Hayes argue that, for various reasons, the district court erred in awarding attorneys' fees and costs to Carbajal after trial. First, they argue that the award of attorneys' fees was in error because Carbajal did not specify which judgment she was seeking fees in connection with, as required by Fed. R. Civ. P. 54(d)(2)(B)(ii). But this is a hyper-technical reading of the rule, there was only one judgment in the case, and Carbajal's arguments for attorneys' fees all clearly related to the final judgment.

Second, HMS and Hayes argue that Carbajal's counsel's Declaration in support of the attorneys' fee request attached time records from other attorneys which were not based on that counsel's personal knowledge. But there is no requirement that each attorney must file a separate declaration with their time records and counsel explained her position as a partner at the firm and stated that she had attached true and correct copies of the time records and had reviewed those records, which was sufficient.

Third, HMS and Hayes argue that Carbajal was not entitled to attorneys' fees in connection with their counterclaim for breach of contract under Idaho St. § 12-120(3) (which permits the award of fees to the prevailing party on a claim to recover on a contract or any commercial transaction) because Carbajal disavowed that she had an employment contract with HMS. But the proper focus is on the

counterclaim's allegations, which were that a contract existed, and not on Carbajal's defense, so the fee award was proper.

Finally, HMS and Hayes argue that the district court should have reduced the requested fees because they reflected excessive or duplicative work. But the district court already reduced the fees by part of the amount that HMS and Hayes request and it did not abuse its discretion in declining to reduce the fee award further.

**AFFIRMED.**